In the matter of the application of THE MAYOR, &c. OF THE CITY OF NEW-YORK, relative to extending and opening *Third street.*

ALBANY,
Feb. 1827.

Matter of the Mayor, &c. of New-York.

The report of the commissioners of estimate and assessment, in this matter, was confirmed at the last *August* term without opposition, owing to certain papers sent by Mr. *Simmons* to oppose, not arriving in season. Since that time, *Simmons* complaining to the corporation that his property had been assessed too high, they resolved, that if the supreme court should be of opinion that the assessment could be waived by the assent of the corporation, without imparing the validity of the proceedings, the counsel of the corporation should waive the assessment, so as to permit *Simmons* to be heard at this term.

*After confirmation of the report of the commissioners of estimate and assessment, under the statute, (1 R. L. 413, s. 178,) there being no irregularity or surprise, the court will not open the matter, so that the merits may be considered, as to the wrongful assessment of an individual, even with the consent of the corporation.*

*P. W. Radcliff,* for *Simmons,* now moved that he be heard; and he cited *Matter of Dover street,* (1 *Cowen,* 74.)

*The supreme court act, under the statute, as commissioners; not as a court; and a report once regularly confirmed is irrevocable, unless all the parties in interest consent*

*M. Ulshoeffer,* contra, said the confirmation was conclusive and could not be recalled; and he cited 20 *John.* 269; 7 *id.* 541; 6 *id.* 1; 11 *East,* 194; 7 *id.* 307; 1 *Caines' Rep.* 510; 2 *Dall.* 409; 6 *John. Ch. Rep.* 49; 2 *R. L.* 414; *Act of April* 20, 1818, *sess.* 41, *ch.* 210; *Sess.* 42, *ch.* 202, § 1.

He said the proceedings can now be reviewed only on certiorari, upon the allegation that they do not conform to the statute. (20 *John.* 430. 1 *John. Ch. Rep.* 18. 7 *Wheat.* 218. 4 *John. Ch. Rep.* 352.)

The matter of *Dover* street, cited against us from 1 *Cowen,* was before confirmation.

*Radcliff,* in reply, urged the hardship of the rule laid down by some of the cases, which often subjected individuals to great losses; and relied on the consent of the corporation.

SAVAGE, Ch. J. The hardship of these corporation cases is a very common topic of remark when their proceed-

ings come before us; but we have no power to give relief. The remedy lies with the legislature. We act as commissioners under a statute, declaring what we have once done to be conclusive. (2 *R. L.* 413.) Vested rights are acquired by third persons in virtue of what we do; and the plain import of the statute and the cases cited is, that the report being once confirmed, becomes irrevocable, unless it be voluntarily waived by all parties concerned. We do not act as a court in these matters; but as commissioners appointed by the legislature; and such proceedings have been very aptly compared by the cases, to those of a commissioner or court of common pleas, under the insolvent act. (20 *John.* 272-3. 7 *John.* 546-7.) The consent of the corporation is nothing, unless it be accompanied with that of all the parties in interest. The corporation must collect the money assessed, and pay it over according to the statute. The case of *Dover* street is pressed upon us; but that was before confirmation, and was a case of surprise. If not, the former cases were against it; and we would take it back.

SUTHERLAND, J. In this case, the court have acted on the merits. It is not a case of irregularity, surprise or default.

*Per totam curiam,*

Motion denied.

It is felony for a man who elopes with another's wife, to take his goods, though with the consent, and at the solicitation of the wife.