Duer, J.
The Court of Appeals, in affirming the final judgment or order of this Court, in the proceeding against the defendant as for a contempt, has awarded to the relators the costs of the appeal; and this judgment, as the proceedings have been remitted to this court, it has become our duty to execute, and consequently to interpret. The question which we are called upon to determine is, whether the costs which the defendant is required to pay are those prescribed by the Code, or those which are taxable under the Eevised Statutes.
Section 307 of the Code, subd. 7, declares that the costs to be allowed on an appeal to the Court of Appeals, shall be $25 before argument, and $50 for argument; and the clerk, in adjusting the costs, has followed this direction. Hr. Justice Bosworth has affirmed the decision of the clerk, but it has been earnestly contended that the decision is erroneous, and inconsistent not only with the general design, but with the express provisions of the Code.
I shall proceed to state in a condensed form the argument that , was relied on to convince us of the error which we are urged to correct.
The jurisdiction which the Court of Appeals has exercised in this case, it is admitted, is derived from the Code, but we" are assured that it is a mistake to suppose that the Code regulates the costs on every appeal which it sanctions. The jurisdiction is founded on subd. 3, in § 11, which gives an appeal “ from a final order affecting a substantial right made in a special proceedingbut the provision in § 307, which defines *617 the costs to be allowed on an appeal, relates solely, it is said, to appeals in civil actions, and is not applicable at all to an appeal in a special proceeding. § 11 is in Part I. of the Code, which following its title, treats exclusively of “the courts of justice and their jurisdiction.” But § 307 is in Part II., which treats as exclusively “ of civil actions,” meaning those actions and those only, which the Code defines and regulates. It is true that in this second part appeals are embraced and treated of under the general head of “ civil actions,” but in the provisions relating to them, an appeal is considered not as a new and separate action, but only as a further proceeding in the original action in which the order of judgment appealed from was rendered. So that throughout, appeals in civil actions, and those actions authorized by the Code, are alone intended. It was further observed in confirmation of these views, that proceedings as for a contempt against a party in a civil action are governed entirely by the provisions of chap. 8, tit. 13, part III. of the Revised Statutes, and are therefore proceedings which the Legislature has declared that the Code was not designed, and shall not be construed to affect (Code, § 471), and it seemed to be thought a necessary conclusion that an appeal from a final order in such proceedings must be regarded as embraced in the exception.
This conclusion, however, so far from deeming it necessary, we do not hesitate to reject. It is true, that title 13 of chap. 8 (2 R. S. 532)—which treats of “ proceedings as for contempt to enforce civil remedies ”—is unrepealed in all its provisions ; but these provisions relate wholly to proceedings in the court in which the contempt is sought to be punished, and contain not a single word in relation to the mode in which the final judgment or order of the court is to be reviewed by a higher tribunal. They have, therefore, no bearing whatever on the question we are now considering; since neither their construction, nor their application, can be varied in the slightest degree by holding that an appeal from such an order is subject, in all respects, to the provisions of the Code. The whole argument, therefore, on the part of the defendant, rests upon the truth of the allegation that the provision in the second part of the Code, in relation to appeals in their just construction, must be limited to appeals in civil actions, since, that the *618 proceeding against the defendant is not such an action, the Court of Appeals, in refusing to dismiss the appeal, has in effect determined.
The second part of the Code is entitled “ Of Civil Actions ” and that this title was meant to refer only to those actions which the Code defines and regulates, we readily admit, nor is it necessary to deny that, under this general title, appeals in such actions are properly comprehended.
The title of a law, however, it not unfrequently happens, is much narrower than its actual contents, and in such cases it has certainly never been supposed that an express provision must be altered or expunged, in order that the contents may be made to correspond with the title. The history of legislation shows, that of all the arguments which are used to fix the construction of a statute, that derived from its title is the weakest and most deceptive. In rare cases, the title has been invoked to aid, but in none has it been permitted to control the interpretation; on the contrary, when a plain discrepancy exists, it is not merely a reasonable, but a necessary inference that the title is defective or erroneous.
It happens in the present case, that the Code itself furnishes the clearest evidence that the title of “ civil actions,” upon which the learned counsel for the defendant laid the stress of his argument, is essentially defective, and so this court upon full consideration has determined.
The object of section 8, in the preliminary title to the Code, is to announce that division of the entire act which its framers had deemed it proper to adopt; and it'declares that this division is into two parts, the first of which relates to “ courts of justice and their jurisdiction,” and the second not only to civil actions commenced after the 1st day of July, 1848 (that is, commenced under the Code), but also, with the exception of the last four titles, to appeals to the Court of Appeals, and other courts—an addition which, if appeals are properly comprehended under the general head of civil actions, was plainly unnecessary, unless appeals in other cases than in actions under the Code were meant to be embraced. That they were meant to be embraced, and that the latter words of the section were introduced in order to embrace them, this *619 court, in Kanouse v. Martin (2 Sandford, 739), has expressly decided, and in so deciding has held, that the title prefixed to the second part of the Code, does not cover all the subjects which its provisions embrace, and- therefore, as defective and partial, is manifestly erroneous.' An argument founded upon this title, we are therefore compelled to disregard.
The action in Kanouse v. Martin was commenced previous to the adoption of the Code, but the appeal to the* Court of Appeals from the judgment of this court was subsequent.
The appeal had been dismissed with costs to the respondent, and the question to be determined was exactly the same as in the case now before us, namely, by what law the costs of the appeal were to be regulated. It was contended on behalf of the appellant that the provisions in the Code relative to costs on an appeal, were applicable only to appeals in civil actions commenced after the Code; but the learned judge who heard the motion decided that the general words in section eight extended to all appeals subsequent to the Code, without reference to the time of the commencement of the suit in which the appeal was taken, and that to hold otherwise would be a plain violation of the intent of the statute. It is true that this decision, in its form, was that of a single judge, but it was made with a full concurrence of two of his associates, and, as I personally know, was the result of their joint deliberation. It has, therefore, all the authority of a decision at general term.
It may be said, however, that the decision in Kanouse v. Martin, so far as its authority is binding, only proves that costs on an appeal must be adjusted under the Code, when the appeal is from a judgment in a civil action, and does not prove that the same costs must be allowed when the appeal, as in the case before us, is from a final order in a special proceeding. Hence, to meet the objection, a further examination of the provisions of the Code seems to be necessary.
I proceed, then, to the title of the Code, which treats especially and exclusively of appeals. This is title 11, of the second part of the Code. It is headed, “ Of Appeals in Civil Actions,” and if the provisions that follow correspond with this title, the position for which the counsel has contended, notwithstanding our decision in Kanouse v. Martin, is established, since we *620 readily admit that it is only on those appeals which the Code regulates, that the costs which the Code has specified can be allowed. It happens again, however, unfortunately for the argument that has been addressed to us, that it is met and refuted by a manifest variance between the title of the law and its actual contents, since the former implies a limitation which the provisions that follow decisively reject. It is true that the law (treating this particular division of the Code as a statute) relates to appeals in civil actions, but it relates just as certainly to appeals in those special statutory proceedings to which the name of action cannot properly be given. The 2d chapter treats of appeals to the Court of Appeals, and its first section (333), short but most significant, is in these few words : “ § 333. An appeal may be taken to the Court of Appeals in the cases mentioned in § 11.”
And the question at once suggests itself, for what purpose was this section inserted? Not assuredly for the purpose of defining the jurisdiction of the Court of Appeals, since this jurisdiction had already been given and defined by the section which is referred to; nor, if it is susceptible of any other construction, are we at liberty to regard it as an idle repetition of a previous enactment. We think that the plain and sole object of the section is to indicate the cases by a reference, without enumeration, to which the subsequent provisions of the chapter and all general provisions throughout the Code in relation to appeals to the Court of Appeals, shall be construed to apply, and that the construction and effect of every section containing such a provision are consequently the same as if in each an appeal from a final order in a special proceeding were separately mentioned. Thus the section which immediately follows prescribes the written undertaking which must be executed on the part of the appellant to fender an appeal effectual, and sections 327 and 328, in the preceding chapter, the notice which is necessary to be served and the duties of the clerk in transmitting the papers to the appellate court; and we apprehend it cannot be doubted that all these provisions apply just as plainly and certainly to an appeal from an order in a special proceeding, as to an appeal from a judgment in a civil action. At any rate no such doubts were entertained by the learned *621 counsel who have conducted the proceedings on the part of the defendant and his colleagues, since in taking the appeals from our determination, which they deemed it expedient to advise, the provisions of the Code were carefully and exactly followed.
Our conclusion is, that the appeals to the Court of Appeals, which are referred to in the title “ Of Costs,” are the same that the chapter “ Of Appeals,” has declared may be taken; and consequently, that to every appeal so taken, the provisions that govern the allowance of costs must be construed to apply. The work of the framers of the Code would be manifestly incomplete had they omitted á provision for costs on any appeal which they meant to sanction and regulate. Legislation thus bungling and defective it would be unjust to impute to them. Whatever may be the terms in which other persons may choose to describe their labors, in my deliberate judgment they have accomplished, and generally speaking, ably and successfully accomplished, a most difficult, as well as important and honorable, task.
The monument that has been raised, as a work of science and art, may doubtless be improved. Its defects may be supplied, and its proportions corrected or enlarged. • But the foundations are solid and deeply laid, and the structure will stand. Manet et moméhit.
There is an additional, and, I think, conclusive reason, for holding that the relators are entitled to the costs which they claim. Unless those allowed by the Code may be given, there are none to which they can be entitled; and the judgment which we are required to execute will be inoperative and void, from the absence of any rule or standard by which the costs that are awarded may be estimated. The Code has, in terms, abolished writs of error; and although not in terms, yet by necessary implication, it has abolished appeals as formerly understood and prosecuted.
It has abolished them by the substitution of proceedings so widely different that the costs which are taxable under the re-wised statutes can no longer be applied to them. It was said by the court in the case of Kanouse v. Martin, that if the writ of error is taken away the fees for prosecuting it must fall to the ground. If the proceeding which is the principal, is abo *622 lished, the compensation for conducting it, which is a mere incident, cannot remain. And these observations apply just as truly to the abolition of the proceeding which was formerly called an appeal, as to that of a writ of error. The term “ Appeal” is indeed retained, but its meaning is so essentially changed that the proceeding which it denotes can with no more propriety be treated as an appeal in equity than as a writ of error. It is, however, to appeals in equity that the costs given by the revised statutes plainly relate. The court of Appeals certainly meant that their judgment should be enforced, and if it can only be enforced by the allowance of costs under the Code, we are bound to say, that these and these only are the costs which the judgment awards.
There remains only a single observation. The Code has declared (§ 491) that its provisions shall not affect appeals from Surrogates’ Courts. The exception of these appeals was plainly unnecessary, had it not been seen that the general words of the Code would otherwise be construed to embrace them; nor would the exception have been confined to these appeals, had it been thought that any other were proper to be included. The solitary exception proves the rule—proves that in all the cases not excepted, the provisions of the Code in relation to appeals were meant to be understood in the full extent of the terms in which they are expressed. It is thus that we interpret them. 'The decision of Mr. Justice Bosworth is therefore affirmed with costs.