# McMAHON *a.* MUTUAL BENEFIT LIFE INSURANCE COMPANY.

*Supreme Court, First District ; General Term, Nov.,* 1860.

STAYING PROCEEDINGS TILL COSTS OF FORMER ACTION BE PAID.—
JUDGMENT FOR COSTS ON DISMISSAL FOR WANT OF JURISDICTION.
—APPEAL.

A judgment for costs in a former action, which the parties have not sought to review directly, and which is not manifestly void upon its face, is conclusive on them in a motion to stay proceedings in a second action until it has been paid.

*It seems,* that in dismissing an action for want of jurisdiction, the court have power to give judgment for costs, where they have cognizance of the general nature of the action, and the parties, by appearance and pleading, have submitted themselves to the jurisdiction.

Although a motion to stay plaintiff's proceedings in an action until costs of a former action be paid, is addressed to the discretion of the court, if such motion is denied upon a point of law which involves a substantial right not founded on discretion or a mere matter of practice,—*e. g.,* on the idea that the judgment for costs is void,—the order is appealable.

On reversing such an order, the appellate court should not determine the application, but leave the appellant to renew it to the court below.

Appeal from order denying a stay of proceedings.

An order was made by Mr. Justice Sutherland, at special term, on the 17th day of August, 1860, denying the motion of the defendants to stay all proceedings in the above-entitled action, until a certain judgment, rendered in the Superior Court of New York, in favor of said defendants, for costs, in an action in which James McMahon was plaintiff and the Mutual Benefit Life Insurance Company was defendant, should be paid and satisfied.  The motion was grounded on the alleged identity of the two actions and of the parties thereto.  It appeared on the motion that the two actions were brought to recover the amount of a life insurance policy made by the defendants in favor of Edward McMahon, and the only difference between the two actions, as to the cause of action stated therein, was, that in the

first action the plaintiff claimed as assignee of Edward McMahon. He was defeated in that action upon a point not appearing in the pleadings therein, and first disclosed by the testimony on the trial, to wit, that the plaintiff was a non-resident of the State, that the defendant was a foreign corporation, and that the cause of action did not arise, nor was the subject of the action situated within the State of New York. On this evidence the court directed a verdict for the defendants, on which judgment was subsequently entered for the costs of the action. Subsequently this suit was commenced in this court upon the same policy, in the name of the present plaintiff. It appeared that Edward McMahon was present at the trial in the Superior Court, directed the same, and employed the attorneys and counsel therein, that the judgment had not been paid, and that both he and James McMahon were non-residents of the State and insolvent. The judge at special term denied the motion, upon the ground that the Superior Court, not having jurisdiction of the cause under section 427 of the Code, had no power to award costs against either party, but should have dismissed the cause without costs for want of jurisdiction. He did not decide against the application upon the ground, that it was not a fit case for staying proceedings in the second suit, if the Superior Court had power to award costs in the action in that court.

From this order the defendants appealed to the general term.

*A. C. Bradley*, for the appellant.

*C. A. Nichols*, for the respondent.

By THE COURT.*—HOGEBOOM, J.—Two objections are made to the reversal of the order of the special term. 1. That the order is not appealable. 2. That the order was right upon the merits.

1. As to the appealability of the order. If the judge at the special term had put his decision upon the ground that the facts disclosed on the application did not, as addressed to his judicial discretion, show a fit case for the equitable interference of the court, or bring it within the ordinary rule, that a party who is defeated in an action with costs shall not be permitted to insti-

* Present, SUTHERLAND, BONNEY, and HOGEBOOM, JJ.

tute a new suit for the same cause without paying the costs of the first action, and there was reasonable ground for such conclusions of the judge upon the facts presented to him, I should incline to think the order not appealable. There is no absolute right in a defendant to demand the judgment of the court, forbidding the prosecution of a second suit until the costs of a former action are paid. It is an equity depending generally upon the circumstances of each particular case, and addressed very much to the sound discretion of the judge to whom the application is made. I do not say that no case can be presented where the equity would not be so strong, that, if the judge refused to recognize it, an appeal would not lie. I do not regard it as necessary to decide that question. Moreover, it is very much a question of practice, regulated by courts for themselves, and as to which the practice is not absolutely uniform in different courts.

But in this case, the judge who denied this motion did not proceed so far in the case as to exercise his discretion, at least not upon this branch of the case. He put his decision upon the ground that the Superior Court committed an error in awarding costs to the defendants—indeed, that their judgment was void for want of jurisdiction to award costs. In this I think he erred. I found my conclusion mainly upon the reasons stated in the opinion of the Superior Court, and in the Massachusetts case there cited (McMahon a. Mutual Benefit Life Insurance Company, 3 *Bosw.*, 644; S. C., 8 *Abbotts' Pr.*, 297; Hunt a. Inhabitants of Hanover, 8 *Metc.*, 343).[*] The jurisdiction of the court to award costs in an action, of the general nature of which they have cognizance, and in which the parties, by appearance and pleading, have voluntarily submitted themselves to their action, and which they have invited the court to decide, is, I think, and ought to be, unquestionable. But whether so or not, so long as the judgment for costs is pronounced, and is not sought to be reviewed on appeal or otherwise, in a direct proceeding for that purpose, and is not manifestly void upon its face, it ought, I think, to be held conclusive upon the parties, and deemed to be right, and not open to a consideration of the equities which entered into the judgment itself.

---

[*] Compare, however, Harriott a. New Jersey R. R. Co., 8 *Abbotts' Pr.*, 284.

I think, therefore, the ground upon which the judge at the special term placed his decision is untenable, and that such decision being upon a point of law which involves a substantial right, and not founded upon discretion or a mere question of practice, is reviewable. The judge did not exercise his discretion, but refused to do so, placing his decision upon the invalidity of a judgment which was unquestioned by the parties themselves.

2. As to the merits of the original application, they have not been considered by the court below upon the grounds upon which they were placed by the defendant, and should not, I think, be considered here. If we have the right to determine them upon appeal when they have never been determined in the court below, I do not deem it expedient to do so in the present case. Upon that branch of the case we should not, in doing so, be exercising the appropriate function of an appellate tribunal, which is to review an actual determination of the inferior court. It does not appear but that if the judge at special term had passed the point of jurisdiction, he would have decided in favor of the defendants and granted their motion. In my opinion, the proper course for us to pursue is to reverse the order of the special term, and, under the circumstances, without costs, and without prejudice to the defendants renewing their application at the special term, upon the same or other or additional papers.

BONNEY, J., concurred.

SUTHERLAND, J., dissented.

---

## PERDUE a. THE MAYOR, &c., OF NEW YORK.

*New York Common Pleas; General Term, February,* 1861.

### ACTION TO RECOVER BACK MONEY PAID.

Where a person is assessed in respect to his property and pays the amount, he cannot recover it back on the ground that the officers applied the payment to assessments on other property not owned by him. His proper remedy is to enforce his payment as an exoneration of his land from the assessment.