## SUPREME COURT.

The People *ex rel*. Elijah Harvey and others agt. Henry Heath and others.

On an appeal to this court from an order of *referees* made on reviewing an order of commissioners of highways, touching the laying out of the highway, *no costs* can be allowed to the prevailing party. Davis, J., dissenting. (*This decision seems to overrule the one in People* agt. *Flake,* 14 *How.*, 527.)

*Erie General Term, November*, 1860.

Marvin, P. J., Davis and Grover, *Justices*.

This was a common law *certiorari* to referees appointed by the county judge of Cattaraugus county, to review the order of commissioners of highways, touching the laying out of a highway. The referees reversed the order, and this court affirmed their order, and the question now presented, is, shall the prevailing party have costs?

Rice & Jones, *for plaintiffs*.

G. W. Canfield, *for defendants*.

By the court, Marvin, Justice. In *The People, ex rel., &c.* agt. *Flake and others,* (14 *How. Pr. R.*, 527,) it was held that costs might be awarded under § 318 of the Code. To reach this result, the learned justice, after tracing the history of the law to the appointment of these referees, taking the place of the then judges of the old common pleas, expressed the opinion that they were a court of inferior jurisdiction within the meaning of the section 318 of the Code. I cannot concur in the opinion that the then common pleas judges, under the system of the Revised Statutes to whom an appeal was authorized, were a court, or that the referees appointed by the county judge, under the act of 1847, are a court in any proper sense. It has never been so understood. The then judges, to whom the appeal was made, were

People agt. Heath.

clothed with certain powers by the statute under which they acted, and their determination was a judicial act. Judge Nelson, in Woolsey agt. Tompkins, (23 W., 327,) speaks of their acts in determining to lay out a road, as quasi judicial. . Commissioners of highways act judicially in determining to lay out or not to lay out a highway, but it was never claimed that they were a court. So of numerous other persons clothed with certain statutory powers. They act under the powers confered, but they are not a court. (See The People agt Collins, 19 W., 56.)

Under the act authorizing the laying out and repairing streets in the city of New York, the supreme court was authorized upon application, to nominate and appoint three persons commissioners of estimate, who were to make their report to the court, and the court was required by rule or order, after hearing, to confirm the report, or refer it back for revisal to the same commissioners, or to new commissioners, to be appointed by the court, (2 R. S., p. 408, 413,) and yet, for a long time, the supreme court held that in acting upon the report of the commissioners, the judges acted as commissioners rather than as a court deriving all their powers from the statute, (20 J. R., 269; 2 Hill, 14; 6 Cow., 571; 11 W., 154,) and their proceedings were reviewed by certiorari. But in Striker agt. Kelly, the question was reconsidered, and it was held that the powers were conferred by the statute in terms upon " the supreme court of judicature," and not upon the judges individually constituting the court; and the same view is taken in Matter of Canal and Water streets, (2 Kern., 406.) But notice, the power by the statute was confered upon the " supreme court;" not so in appeals under the highway act. The appeal was to three of the judges of the court of common pleas, naming them. (1 R. S., 518, §§ 84, 85.) These judges were to make a certificate of their decision, and file it in the town clerk's office. I repeat, these judges were not a court, and the referees now appointed by the county judge

under the act of 1847, are not a court. In the view taken by the learned justice in *People* agt. *Flake, supra,* it was necessary to decide that these referees were a court of inferior jurisdiction, making a decision in *special proceedings,* before the court could award costs on the *certiorari.*

It is now suggested that we may, in our discretion, allow costs under section three of the act of 1854, (*p.* 593,) which is entitled " an act in relation to special proceedings." I cannot agree to this. The first section of the act gives an appeal to the general term of the supreme court, superior court, or court of common pleas of N. Y., from any judgment, order or final determination, made at a special term of either of said courts, in any special proceedings therein. The second section applies certain sections of the Code " to appeals in special proceedings," section third " in special proceedings, and on appeals therefrom, costs may be allowed in the discretion of the court, and when allowed shall be at the rate allowed for similar services in similar actions." It is certainly clear that the appeals from orders in any special proceedings mentioned in the first section are limited to orders made at " special term." The section so reads, and it was this class of special proceedings and appeals therefrom, in which costs may be allowed by the third section; such is the natural and legitimate construction. The statute is speaking of special proceedings in certain courts and appeals therefrom. It has been suggested that section 318 of the Code, had already provided for costs in such cases. This section had only provided for costs when the decision of a court of *inferior* jurisdiction was brought before the supreme court for review. The act of 1854, included orders made at special term of the supreme court in special proceedings. By section 318 of the Code, the costs were to be the same as in " an action at issue on a question of law." By the act of 1854, the allowance of costs are discretionary, and when. allowed are to be at the rate allowed for similar services in civil actions. The

appeals given by section 349 of the Code, are limited to orders made " in any stage of the action including supplementary proceedings."

Again, the proceeding in question, was not a *special proceeding* in the sense used in the Code and statute. The Code professes to be an act " To simplify and abridge the practice, pleadings and proceedings of *the courts* of this state," and the remedies in the *courts* of justice are divided into first, actions; second, special proceedings. The second section gives us the definition of an action, and by the third section " every other remedy is a special proceeding." Remedies where? The answer is " in courts of justice." Hence the learned justice, in the case first above cited, found it necessary to hold that the referees appointed by the county judge were a court of justice of inferior jurisdiction, before he could make the proceedings, " special proceedings" under the Code, and give costs. In *Haviland* agt. *White*, (7 *How.*, 154,) the proceeding was instituted in the court of sessions, under the statute relating to the " relief and support of indigent persons," and the court made an order, and on *certiorari* to supreme court, costs were allowed under section 318 of the Code. It was held to be a special proceeding as defined by the Code, and it clearly was so. It was a remedy *in the court* of sessions, given by statute. It cannot be necessary to pursue these remarks. But see *In Matter of the Extension of the Bowery, &c.*, (12 *How.*, 97;) *N. Y. & Erie R. R. Co.* agt. *Marvin*, (1 *Kern.*, 276;) *and matter of Canal and Water streets*, (2 *Kern.*, 407,) cases arising under special statutes, in which the proceedings were *in court*, but it was held in one case, that an appeal would not lie from the decision of the special to the general term, and in the others, that no appeal would lie to the court of appeals for the reason that, by the statutes, under which the proceedings were had the decisions were made final and conclusive. So under our highway act, it is declared that the decision of the judges "shall be conclu-

sive in the premises." (1 *R. S.* 519, § 89.) By the act of 1847, the same effect is given to the decision of the referees. Thus the only remedy in such a case is a common law *certiorari*, and the statute of 1854, has no application to the case. It speaks only of *appeals*, and section 318 of the Code, relates to decisions of a court *brought* before the supreme court *for review*. Hence in *Haviland* agt. *White*, *supra*, though the decision of the court of sessions was brought before the supreme court for review, by common law *certiorari* costs were given. The case was clearly embraced by this section of the Code.

At common law, costs are not allowed upon a common law *certiorari*, and none is given by any statute to which our attention has been called in a case like the present, and no costs can be allowed.

DAVIS, J., dissented.