All the judges concurred, except DAVIES and WRIGHT, JJ., not voting.

Judgment affirmed, with costs.

---

## PEOPLE *ex rel.* CLUTE *v.* BOARDMAN.

### December, 1868.

Under 2 *L.* 1868, p. 1930, c. 868, § 6, the determination of the supreme court, on *certiorari* to a justice's court, to review summary proceedings to dispossess a tenant, may be reviewed in this court by appeal.

A judgment of dispossession in such proceedings cannot be sustained on an affidavit of service of the summons, which does not show service made on or after the day on which the summons was issued, and at least one day before the time for appearance. Error in the alleged date of service in this respect, cannot be disregarded as a clerical mistake.

It is also essential that an affidavit of substituted service should show that the place of service was the last or usual place of residence of the tenant served.

Charles E. Boardman and others instituted summary proeeedings, before the city judge of New York, against Garrett M. Clute and others, their tenants, to dispossess them from the demised premises, the Neptune Iron Works, for holding over after the alleged expiration of their term.

On the return of the summons no one appeared for the defendants, and a warrant of dispossession was issued.

*The supreme court,* on a writ of *certiorari* brought by defendants in the name of the people, reviewed the proceedings, and affirmed them, and the relators appealed.

*Mr. Higgins,* for the relator, appellant.

*Mr. Williams,* for the respondents.

MASON, J.—This matter comes before this court on appeal from the judgment of the supreme court, rendered upon the return to that court to a writ of *certiorari,* brought to review summary proceedings had before the city judge of the city of New York, under the landlord and tenant act. The proceedings were affirmed, and the relator appealed therefrom to this court. The point is taken *in limine,* that an appeal to this court will not lie in such a case. Section 11 of the Code provides, that the court of appeals shall have exclusive jurisdiction to review, upon appeal, every actual determination made at the general term of the supreme court, in a final order affecting a substantial right in a special proceeding. This seems very clearly to embrace the case. It certainly does, if these summary proceedings to remove a tenant are to be regarded as a special proceeding under the Code.* The opinion was expressed by Judge DENIO, in passing, in delivering the opinion of the court in the Matter of Dodd, 27 *N. Y.* 629, 632, that to be a special proceeding, in the sense of the Code,

---

* Cited on this point in Rensselaer & Sar. R. R. Co. *v.* Davis, 43 *N. Y.* 137 ; Matter of Long Island R. R. Co., 45 *Id.* 364. Compare Matter of Central Park, 50 *Id.* 493.

there must be a litigation in a court of justice,—citing section 1 of the Code.

This section, in defining remedies, seems to give some countenance to such a construction. It says: " Remedies in courts of justice are divided into actions and special proceedings." This narrow construction would allow no special proceeding, instituted before a judicial officer out of court, to be regarded a special proceeding under the Code, and, consequently, this section 11, providing for appeals, would not reach such cases.

The same view was taken by Judge MARVIN, of the supreme court, in People *ex rel.* Harvey *v.* Heath, 20 *How. Pr.* 304. The Code is entitled, " An act to supply and abridge the practice, pleadings and proceedings of the courts of this State," and is, upon the plainest construction, limited to proceedings in the courts.

The proceedings, after they come into the supreme court, are to be regarded as a special proceeding in that court, and so when the proceedings are brought into this court. Suppose, in the case before us, the decision of the city judge had decided against the landlords, and they had removed the proceedings into the supreme court, would they not have been seeking a remedy in that court in a special proceeding? And suppose, again, they had been beaten in the supreme court, and had appealed to this court, would they not have been seeking a remedy in a special proceeding in this court? The case is not different that these appeals have been taken by the relator, for the respondents are seeking their remedy by the resistance they make to this appeal.

It is not necessary to discuss the question, and I will only add that I have looked carefully into the adjudged cases, and find that this distinction made by Judge DENIO and Judge MARVIN does not seem to have been observed by judges generally, and there is no reason for placing so limited a construction upon this first section of the Code. The general understanding, I think, has been different, and there is a clear legislative intimation in chapter 828 of the Laws of 1868, section 6, that an appeal to this court, in just such a case as this, was authorized as a matter of right before the passage of that act. The preceding section declares, that the judgment

of the supreme court at a general term upon such a *certiorari* shall be final, unless an appeal shall be allowed by the general term before the end of the term next after that at which the judgment was rendered. Then follows section 6, which enacts " That nothing contained in this act shall prevent an appeal to the court of appeals from any judgment heretofore rendered by the supreme court, upon a *certiorari* awarded pursuant to section 47, title 10, chapter 8, part 3, of the Revised Statutes, provided that such appeal *has already been taken* or shall be taken, within one year after the passage of this act." This act goes further. It renders valid all pending appeals in this court in just such cases as this.

If there is any validity in the statute, the appellant is *rectus in curia* on this appeal, and there can be no doubt as to the power of the legislature to pass such an act, which simply regulates the proceedings enforcing a remedy. The right to abolish appeals and substitute a writ of error, and *vice versa*, has never been doubted, and to conform the proceedings of the one to the other in pending suits is equally clear.

These proceedings should be reversed for several reasons. In the first place, the affidavit presented to the city judge, and which was the foundation of the proceedings, was so defective it did not confer jurisdiction upon the officer. It fails to show that the premises were situated in the city of New York, which is essential to give the city judge jurisdiction. The recitals put into the summons by the judge when he issued the same, do not cure this defect.

The affidavit of Doyle as to the service of the summons is so fatally defective, that no jurisdiction to proceed further in the matter was conferred upon the judge. The affidavit of Boardman, the landlord, upon which the proceedings were instituted, purports to be sworn on December 21, 1866, and the summons is dated on December 22, and Doyle swears, in his affidavit, that he served the same on December 20. It is said this is a palpable mistake as to date; that he could not have served it on that day, for the summons was not then issued, and, consequently, he could not have served the original on December 20. If this were granted, it only proves that the summons was not served on the 20th, and that the affidavit

People *ex rel.* Clute *v.* Boardman.

is wrong in this respect. We are thus left without any proof when it was served, except that the affidavit appears to have been sworn to on the 24th, the return day of the summons. The service may then have been made on that day, and only a few minutes before the return thereof, which certainly would be most unreasonable, if not illegal.

There is, however, another fatal defect in this affidavit: it fails to show that the last place of residence of these tenants was at this brass foundry, where the service was made, by leaving a copy with a person of suitable age. This is a fatal defect. People *ex rel.* Simpson *v.* Platt, 43 *Barb.* 116. The party who uses this quite severe and summary remedy, by serving the summons the hour it is returnable, by leaving a copy with some stranger in interest, and then, as is frequently done, running with a break-neck speed to the judge, and having a default taken, and the warrant issued to the officer to deliver possession, before the tenant can get there if he learns of the proceedings, must be held to keep strictly within the pale of the law, and conform his proceedings strictly to the demands of the statute, if he expects to have his proceedings sustained. These proceedings should be reversed, with costs, and the record remitted to the supreme court, with directions to carry into effect this judgment.

WOODRUFF, J., expressed the opinion that the judgment should be reversed, because the affidavit of service of the summons did not show service on the tenants, nor at their residence; and especially because the affidavit, if it proved anything, proved service on December 20, which was before the summons was issued; and if not served on that day, the affidavit certainly did not show that it was served one day before the time for appearance, as required by 2 *L.* 1866, p. 1636, c. 754. The justice, therefore, acquired no jurisdiction. Sibley *v.* Waffle, 16 *N. Y.* 187; 2 *R. S.* 514, § 33.

A majority of the judges concurred in holding that the court had jurisdiction, but only by virtue of the act of 1868, and that the proceedings must be reversed.

Proceedings reversed, with costs.