THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHANIEL GREEN and another, Respondents, v. WILLIAM H. SMITH, County Judge, and another, Appellants.

*Special proceeding — review of, on certiorari — costs upon — Chap.* 270 *of* 1854, § 3.

On an appeal to the Court of Appeals, in a proceeding brought into the Supreme Court by a common law *certiorari,* directed to an officer or tribunal other than a court, the successful party is not entitled to costs as a matter of course; whether or not costs shall be awarded rests in the discretion of the court.

APPEAL from an order of the Special Term in Monroe county, held by Mr. Justice DWIGHT, striking out of the judgment in this cause the costs taxed in favor of the appellants.

This was a common-law *certiorari* directed to the county judge of Ontario county, issued for the purpose of reviewing his adjudication in a proceeding to bond a town.    On the return the General Term gave judgment for the relators, which was reversed in the Court of Appeals. The appellants procured costs of the appeal to the latter court to be inserted in the judgment entered on the *remittitur*, which contained no direction as to costs.    On motion of the relators, the Special Term struck out the costs, and from that order this appeal is brought.

*H. L. Comstock,* for the appellants.

*E. B. Pottle,* for the respondents.

SMITH, J.:

The question in this case is, whether, on an appeal to the Court of Appeals, in a proceeding brought into this court by a common-law *certiorari* directed to an officer or tribunal other than a court, the successful party is entitled, of course, to the costs of the appeal. The question has been before the courts frequently, since the adoption of the Code, but the decisions are not altogether harmonious. Most of the cases agree in holding that a common-law *certiorari* is a "special proceeding," as defined by the Code and distinguished from a " civil action " (§§ 1 to 3); and to that position the counsel on both sides in this case assent. It is also agreed by counsel that section 318 of the Code of Procedure does not apply to the case, as that section relates exclusively to cases in which the decision of a court of inferior jurisdiction in a special proceeding is brought into this court for review; and in the present proceeding, the county judge did not act as a *court.*

The only provisions of the Code which give an absolute right to the costs of an appeal to the Court of Appeals are contained in title 10, which is headed " Of the costs of civil actions." That title forms a portion of the second part of the Code, which, by section 8, relates to civil actions commenced under the Code, except when otherwise provided therein, and which is entitled " Of civil actions." Notwithstanding this apparent limitation of the right to costs of an appeal to actions, as distinguished from special proceedings, it was held at an early day, by the Superior Court of the City of New York, in *The People ex rel.* v. *Sturtevant* (3 Duer, 616), with the sanction of two, at least, of the justices of that court (id., p. 613, note *a*), that those provisions of the Code which relate to costs upon appeals are applicable to appeals in special proceedings, as well as to those taken in civil actions, strictly so called. As the counsel for the appellants herein is understood to rest his claim to costs in this proceeding upon the views which the court expressed in that case, it may be well to state them with more particularity. The case was this : The Court of Appeals, in affirming the final judgment or order of the Superior Court, in a proceeding against the defendant therein as for a contempt, had awarded to the relators the costs of the appeal, and the *remittitur* having been sent down, the question

before the Superior Court was whether the costs which the defendant was required to pay were those prescribed by the Code, or those which were taxable under the Revised Statutes. The court held that the costs to be inserted in the judgment were those given by the Code (§ 307, sub. 6), on appeal to the Court of Appeals. The argument on which the decision rested was that the title of the second part of the Code, "Of civil actions," is narrower than its contents, and is defective; that the provision of section 8, in the preliminary title, declaring that part second relates not only to civil actions commenced under the Code, but also (with the exception of the first four titles) to appeals to the Court of Appeals and other courts, was plainly unnecessary (assuming that appeals are properly comprehended under the general head of civil actions), unless appeals in other cases than in actions under the Code were meant to be embraced; that title 11 of the second part of the Code, which is headed " Of appeals in civil actions," relates to appeals in special procedings as well; that evidence of this is found in section 333, in the second chapter of that title, which provides that "an appeal may be taken to the Court of Appeals in the cases mentioned in section 11," among which are appeals from a final order in a special proceeding; that the object of section 333 is to indicate the cases by a reference, without enumeration, to which the provisions of the chapter, and all general provisions throughout the Code in relation to appeals to the Court of Appeals, shall be construed to apply, and that the construction and effect of every section containing such a provision are consequently the same as if in each an appeal from a final order were separately mentioned; that the appeals to the Court of Appeals, which are referred to in the title " Of costs," are the same that the chapter " Of appeals " has declared may be taken, and consequently, that to every appeal so taken the provisions that govern the allowance of costs must be construed to apply. Other provisions of the Code were referred to, a proper construction of which it was held led to the same result. If the argument advanced in that case is sound, and it must be said that it is a very cogent one, it would seem to follow that the appellants herein have an absolute right to the costs in question, unless the right has been taken away by legislation subsequent to the adoption of the Code.

The third section of the act of 1854 (chap. 270) provides that in special proceedings and on appeals therefrom, costs may be allowed in the discretion of the court. It is not known that the act of 1854 had been passed when the decision in *The People* v. *Sturtevant* was made, as the date of the decision is not given by the reporter, but the statute is not mentioned in the case; and, undoubtedly, if then in existence, it was not brought to the attention of the court. The third section of the act, so far as it applies to special proceedings which were within the provisions of the Code respecting costs, as construed by the Superior Court, necessarily repealed or modified those provisions; for there can be no absolute right to costs which can only be allowed in the discretion of the court. The question then arises, whether the third section of the act of 1854 applies to all special proceedings and appeals therefrom, or whether it is limited by the first section, as the counsel for the appellants contends, to appeals from a Special to a General Term of either of the courts mentioned therein, in proceedings originating in the Special Term. If the latter construction is the correct one, the third section has no application to the present case. The question thus presented has been the subject of conflicting decisions. Without referring to all of them, it is enough to say that *The People* v. *Heath* (20 How. Pr., 304) is a leading case in support of the limited construction for which the appellant's counsel contends. It was decided by a divided court, but was cited with approbation by Mr. Justice WOODRUFF in the Court of Appeals, in *The People* v. *The Board of Police* (39 N. Y., 506). In the latter case it was held that costs are not awardable on a common-law *certiorari;* and a judgment of the Supreme Court allowing costs in such case, was reversed. The act of 1854 was not referred to in the case, although it was cited by the judge who wrote the opinion in the Supreme Court (*People ex rel. Cook* v. *Board of Police*, 26 How., 450), and was commented on in Heath's case. The remarks of Mr. Justice WOODRUFF in the subsequent case of *The People* v. *O'Brien* (6 Abb. [N. S.], 63), in which the point was ruled the same way, seem to indicate that the attention of the learned judge was not called to the statute. Those cases and many others were reviewed by Mr. Justice JOHNSON in the case of *The People* v. *Fuller* (40 How., 35), decided by the

General Term in this department in September, 1870. He was of the opinion that the decisions of the Court of Appeals in the cases above cited, were in conflict with the earlier adjudications of that court in *The People* v. *Wheeler* (21 N. Y., 86), and *The People* v. *Van Alstyne* (3 Keyes, 35), and he came to the conclusion that the provisions of the third section of the act of 1854 above referred to, were in no respect limited by the preceding sections of the act, and were manifestly so regarded by the Court of Appeals in the case last cited. He also held that a common-law *certiorari* is a special proceeding within the letter and spirit of the Code, and that this court has the power to award costs in such cases in its discretion. The other members of the court, MULLIN, P. J., and TALCOTT, J., concurred with him in deciding the case in accordance with the views expressed in his opinion.

We have not been referred to any subsequent case in the Court of Appeals which, in any way, impairs the authority of that decision, and we are not only bound to follow it according to the rule of *stare decisis*, but we think the decision is correct. It is to be observed that the legislature at their last session, repealed the first two sections of the act of 1854, and incorporated their provisions in the Code of Civil Procedure (§§ 1356, 1358 and 1359), leaving the third section in force, standing alone. (Laws of 1877, chap. 417, § 1, subd. 28, last clause.)

As the section now stands there can be no doubt that it is of unlimited application to all special proceedings and appeals therefrom, and the late action of the legislature is an indication that in their opinion it previously had the same scope and effect, and was not dependent for its construction, upon the preceding sections.

On the whole we think we must follow the case of *The People* v. *Fuller*, and we therefore hold that as costs were not given by the Court of Appeals to the appellants, they are not entitled to them and the order of the Special Term should be affirmed. But, as the question relates wholly to costs and is not well settled, no costs are given on this appeal.

MULLIN, P. J., and TALCOTT, J., concurred.

Order of Special Term, striking out costs, affirmed without costs.