JOHN GRIFFIN, APPELLANT, *v.* THE ROUND LAKE CAMP MEETING ASSOCIATION, RESPONDENT.

*Costs — when proceedings stayed until the costs of a former action are paid.*

Upon an appeal to the General Term from a judgment recovered in the Albany County Court, by one Perry against the defendant, an order was entered on September 24, 1880, reversing the judgment, with costs, and on October 11, 1880, the costs were taxed at $273.58. Between the entry of the said order of reversal and the taxation of the costs, Perry assigned his claim, on which the aforesaid action was brought, to the plaintiff, who thereupon, and before the taxation of the costs, commenced this action thereon in the Supreme Court. Both Perry and the plaintiff were insolvent.

*Held*, that an order staying the prosecution of this action, until the payment of the costs of the former action, was properly granted.

APPEAL from an order staying the prosecution of this action until the payment of the defendant's costs in a former action, brought by the assignor of the plaintiff herein.

*J. H. Clute*, for the appellant.

*I. Lawson*, for the respondent.

OSBORN, J.:

The cause of action set forth in the plaintiff's complaint has been once litigated between one Andrew J. Perry, the assignor of this appellant, and the respondent herein, and such litigation resulted in a judgment of the Albany County Court in favor of Perry and against the respondent. Upon an appeal from that judgment to the General Term of this court, an order of reversal *with costs* was duly entered September 24, 1880. The costs of the appellant in that action (respondent herein) were adjusted October 11, 1880, at $273.58.

Between the entry of said order of reversal and the adjustment of costs thereunder, and on the 4th day of October, 1880, Perry assigned to this appellant the claim in suit, and on the following day this action was commenced in the Supreme Court.

By the order appealed from, its prosecution has been stayed until the payment of the costs of the defendant in the Perry action.

We think the stay was properly granted.

An assignee of a chose in action not negotiable, takes the demand subject to all equities existing between the parties to the contract. He stands in precisely the same position as his assignor. (*Bush* v. *Lathrop*, 22 N. Y., 535; *Young* v. *Guy*, 12 Hun, 325.)

Before the assignment by Perry to Griffin, the judgment of the Albany County Court had been reversed, and an order of reversal *with costs* had been entered. The right to costs had been determined; the amount only remained uncertain. From this time the claim in controversy was subject to an equitable charge, and in case of another action by Perry upon the same demand, before the payment of the defendant's costs in the former action, the equitable interference of this court could have been invoked and a stay of proceedings granted until the payment of such costs. (*Edwards* v. *The Ninth ave. R. R.*, 22 How., 444; *Richardson* v. *White and ano.*, 27 id., 155; *McMahon* v. *Mutual Life Ins. Co.*, 12 Abb. Pr., 28; *Foley* v. *Rathborne*, 12 Hun, 589.)

The fact that the case at bar was commenced before the costs in the Perry action had been adjusted, cannot affect the defendant's right to a stay. A second action could be easily put in motion, in almost every case, before the necessary notice of taxation had expired or the right to tax costs had become absolute; and in such cases the court would protect the defendant.

We conclude that the claim on which the appellant asks to recover, came to him subject to an equitable charge in favor of the respondent, which was properly enforced by the stay granted, and in view of the undisputed insolvency of both Griffin and Perry, the discretionary power of the court below was justly exercised.

The order should be affirmed, with ten dollars costs and disbursements on appeal.

LEARNED, P. J., and RUMSEY, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.