## City Court.

*Special Term—May,* 1886.

## BEEMER *against* McCOY.

An action will not be stayed because the costs of a former action were not paid, unless the causes of action are identical.

McADAM, Ch. J.—Where it is sought to stay the prosecution of an action because the costs of a former action have not been paid, it must appear from the record that the actions are identical (10 *Weekly Dig.* 199; 10 *Reporter,* 152; 9 *Daly,* 259). The plaintiff swears that he holds two notes of the defendant of the same date and amount, and that the $500 note included in the former action is not the one sued upon here.

The motion for a stay will, therefore, be denied. No costs.

In Dare *v.* Murphy (New York Supreme Ct., *Daily Register,* March 1, 1887), Judge ANDREWS said :.

There is no absolute right in a defendant to demand the judgment of the court forbidding the prosecution of a second suit until the costs of a former action are paid. It is an equity depending generally upon the circumstances of each particular case and addressed very much to the sound discretion of the judge to whom the application is made

Beemer *v.* McCoy.

(McMahon *v.* Life Ins. Co., 12 *Abb. Pr.* 30).   The cases in which orders have been made staying proceedings in an action until the costs of a former action have been paid, have usually been those in which the former action was disposed of by a trial upon the merits.   The plaintiff in the present action swears that the former action brought by him in the marine court was dismissed for want of prosecution through the neglect of his attorney and without his knowledge.   Moreover, while the cause of action now set up in the complaint includes the cause of action set up in the complaint in the marine court, there may be some question whether the issues can be regarded as identical within the decisions in the cases where proceedings have been stayed in an action until the costs of a former action have been paid. ·

The plaintiff and his attorney insist that the present action is brought in good faith, and, upon the whole, I think it a proper exercise of discretion to deny the motion, with $10 costs to abide the event.

## In what Cases Ordered.

An action by an assignee may be stayed until the costs of a former action by the assignor for the same cause are paid   (Barton *v.* Speis, 73 *N. Y.* 133 ; and see cases cited in the briefs of counsel).   Where an order is made bringing in a new party defendant in an action, the court making the order has not the power to restrain in it the prosecution of an action theretofore brought by such new defendant against one of his co-defendants.   If such restraint is proper for any cause, a stay must be procured by the aggrieved party in the action itself (Wood *v.* Swift, 81 *N. Y.* 31).

## Suit in Foreign Jurisdiction

is no bar to a suit here for the same cause (see 1 *City Ct. R.* 455).

## Laches may Defeat the Motion.

The common pleas, in Noe *v.* Gregory (8 *Weekly Dig.* 21) intimate that the motion should be made before issue joined   (See also Verplanck *v.* Kendall, 11 *Weekly Dig.* 346; 47 *N. Y. Superior Ct.* 513).   Prior to joining issue, the application seems to be almost as of right, afterwards it probably becomes discretionary (see Robertson *v.* Barnam, 29 *Hun,* 657).   Laches may defeat a motion for security for costs even when it would have been granted as of right, if the application had been promptly made   (Swan *v.* Matthews, 3 *Duer,* 618 ; Lewis *v.* Farrell, 46 *Super. Ct.* 358; Buckley *v.* Gutta Percha Co., 3 *Civ. Pro.* 429 ; aff'd, 93 *N. Y.* 637 ; McDonald *v.* Peet, 7 *Civ. Pro.* 200); and there is no apparent reason for distinguishing between the two classes of applications.