STAFFORD *against* THE MAYOR, ALDERMEN and COMMONALTY of the CITY of ALBANY.

STAFFORD
v.
MAYOR, &c.
OF ALBANY.

THIS was an action .of *assumpsit.* The declaration and pleas were the same as before stated, in the same case, between the same parties, vol. 6. p. 1. To the plea of *non assumpsit* was subjoined a notice of special matter to be given in evidence at the trial.

The cause was tried at the *Albany* sittings, on the 16th of *October*, 1810, before the *Chief Justice.* The plaintiff gave in evidence the 13th and 22d sections of the act, to reduce several laws, particularly relating to the city of *Albany*, into one act, &c. passed the 4th of *April*, 1801. (24th sess. c. 153.) He also gave in evidence a precept or *venire*, issued the 4th of *October*, 1808, under the seals of the mayor and two of the aldermen, pursuant to the 13th section of the said act, and of " the act to amend the acts concerning the city of *Albany*, passed the 25th of *March*, 1808, commanding the sheriff to empannel and return a jury, to appear before the mayor's court, to assess the damages and recompense due to various persons named · in the *venire*, amongst whom was the plaintiff, for so much of their ground, particularly described in the *venire*, as was deemed necessary to be taken, for widening *Lydeus* street, &c.

The plaintiff further gave in evidence the assessment of the jury, by which they assessed the damages of the plaintiff at 815 dollars ; also a certified copy of a rule of the court thereupon entered, as follows : " On motion of Mr. *Van Vechten*, attorney for the mayor, &c. Ordered, that the same be confirmed and judgment thereon, according to the act aforesaid." The plaintiff also read in evidence a deposition of a witness, stating that the city surveyor and superintendant had directed the plain-

The mayor's court of *Albany*, in executing the power granted to them under the act of the 4th of *April*, 1801, (24th sess. c. 153. s. 13. 21, 22.) as to taking the ground of any person to widen streets, &c. act *qua* commissioners, and not judicially, as a court. The power must be strictly pursued; and after the court have affirmed an assessment made under the act, they cannot set it aside for any cause, but are bound to pay the money according to the assessment.

No formal *record* is necessary, in regard to the proceedings under the act; but *it seems* they may be removed by *certiorari*, in order to be examined and corrected by this court.

tiff where to place the building on his lot, and the plaintiff erected the building accordingly, so as to leave the ground described in the *venire* and assessed by the jury, in the street; and also, the first section of the by-law of the corporation of *Albany*, passed the 6th of *June*, 1808, prohibiting any person from erecting any building, unless the range of the same with the street was first laid down by the superintendant, under the penalty, &c.

The counsel for the defendants objected to this evidence, as inadmissible and insufficient, but the *Chief Justice* overruled the objection, and directed the jury that the evidence was competent and sufficient.

The defendants' counsel then offered in evidence the acts of the legislature, the *venire* and assessment before mentioned; and also offered to prove, that at a mayor's court, &c. held the 7th of *March*, 1809, the *venire* and all the subsequent proceedings, were set aside and vacated by order of the said court, for irregularity, before, and without any *record* of the proceedings or judgment of the said court thereon, having been made up or filed; that the corporation have never tendered or paid the amount of the assessment, and have never claimed or taken possession of the ground described in the plaintiff's declaration, for the purpose of widening *Lydeus* street. The counsel for the plaintiff objected to this evidence, which was overruled by the *Chief Justice*, as incompetent and inadmissible; and under his direction, the jury found a verdict for the plaintiff, for 930 dollars damages. The counsel for the defendants tendered a bill of exceptions, which was signed by the *Chief Justice;* and under the late act (32d sess. c. 186. s. 5.) was returned to this court, to give judgment, or grant a new trial.

*Henry,* for the defendants. The evidence, on the part of the plaintiff, did not support the declaration. A

judgment of the mayor's court on the assessment of the jury, was essential to entitle the plaintiff to recover; for without a judgment, no right could be vested or devested; and it having also been stated in the declaration, it was necessary to show the judgment; but there was no proof of such a judgment. The mayor's court is a court of record, and the only legal evidence of a judgment is the record of the court. There must be an enrolment or record of the proceedings, as in any ordinary suit.* The minutes of the clerk are not a record, or competent evidence of a record.

* Com. Dig. 172. Record. (A) Co. Litt. 117. b. 260. a. Fortesc. Rep. 385.

Again, there is a variance between the *venire* set forth in the declaration and the one produced at the trial. The *venire* formed an essential part of the record; and the slightest variance, as to a record, is fatal in pleading.†

† Chitty on Plead. 303. 305, 306.

Again, the evidence offered by the defendants, in their defence, ought not to have been rejected. The mayor's court had a right to set aside the judgment for irregularity. The power given to the mayor, aldermen and commonalty, was given to them as a *court*, and they were bound to proceed judicially; and to record their proceedings and pronounce judgment. If they were mere commissioners, then their proceedings might be removed to this court by *certiorari*. How is the party to obtain redress, in case of any illegality in the proceedings? If the inferior court cannot set aside the proceedings for irregularity, they cannot set them aside for fraud. If their powers were at an end, after judgment on the assessment, they could not interfere, though the grossest fraud had been practised; even though it should be shown that a jury had been *packed* for the purpose of making the assessment.

The plaintiff attempted to prove that the defendants had elected to take the ground, and we offered to prove that they had not made any such election, and this evidence was rejected.

ALBANY,
Feb. 1811.

STAFFORD
v.
MAYOR, &c.
OF ALBANY.

Again, there is nothing in the act which makes it compulsory on the defendants to pay the money; no debt or duty accrued in regard to them. The 22d section does not apply to this case, but refers only to the case mentioned in the 21st section, where there are infants, or persons absent. As it respects parties before the court, no right vests in the corporation until the payment of the money, or a refusal. The corporation, after an assessment, may elect to take the ground, or not. The declaration does not state that the corporation took possession of the ground, nor any act, on the part of the plaintiff, to compel the defendants to make an election. The *formal* words, " though often requested," &c. are not sufficient.

*Foot,* contra. The power given to the mayor's court, by the statute, is for a specific purpose; they do not, in executing this power, act as a court in ordinary cases. After giving judgment on the assessment, their power was at an end. There is no need of a record; for there is no necessity for a writ of error. The proceedings may be brought before this court by *certiorari,* and examined and corrected. The corporation ought to be bound by the assessment. It would be unreasonable to allow them to set it aside for the sake of obtaining one more favourable to them. The 13th and 22d sections of the act are all that can be taken notice of, as applicable to the case; and the 22d section is not confined to the case of infants and absentees, but refers to the 13th as well as the 21st section.

SPENCER, J. delivered the opinion of the court. An opinion has been already expressed by the court, on some of the points made on the argument. (6 *Johns. Rep.* 1.) In considering the bill of exceptions, we are confined to the inquiry, whether the evidence rejected ought to have been admitted. The 5th section of the act of

the 32d sess. c; 186. provides, that when a bill of exceptions is taken on a trial, it shall be returned into this court, where judgment is to be given according to the same exceptions, as they ought to be allowed or disallowed, with power to award a new trial, in our discretion. The evil intended to be remedied was the carrying of causes before the court of *dernier resort*, upon the opinion of a single judge ; but according to the new provision, the point ruled at the trial must be concurred in by the court, or a new trial will be awarded.

. The new law, therefore, is calculated frequently to save the expense of a writ of error ; and to secure a decision of the court on the question of evidence.

There having been no motion in arrest of judgment, we might dispense with pronouncing any further opinion on the plaintiff's title, or the objections heretofore raised and urged anew, for our consideration ; but it is possible that our opinion may prevent future litigation.

It has been contended, there being no averment in the plaintiff's declaration that the corporation took possession of the valued premises, that there is no right to recover. We are of opinion that such an averment is unnecessary. There are two sections of the act which apply to this case. (2 *Rev. Laws*, 153. 158. s. 13. and 22.) The 13th section directs the proceedings in making the assessment, and it requires, that before the corporation can appropriate the ground to public use, they must pay or tender to the owner the sum assessed. The 22d section creates the duty on the corporation, by providing, that after the value and damages shall have been ascertained, the amount with interest shall be paid to the person interested, on demand. This section of the act extends to all cases where an assessment has been made, as well under the directions of the 13th as of the 21st section. The 21st section merely provides a mode of proceeding somewhat different from that of the

ALBANY,
Feb. 1811.

STAFFORD
v.
MAYOR, &c.
OF ALBANY.

13th section, as to the manner of giving notice to the proprietor of the ground intended to be applied to public use; and it relates only to such persons as reside without the state, or whose place of residence is unknown. It is admitted, that in the latter case an assessment would create a duty on the corporation, but it is denied, where the proceeding is under the 13th section. We perceive no ground for the distinction; and indeed, it would be a most unreasonable construction of the act, to allow the corporation to take their chance of an assessment, and if it did not suit their notions, to treat it as nugatory; or, in other words, to let them have the land, if assessed low, but not to require them to take it, if assessed high. There would be no reciprocity, if the owner of the ground is bound to abide by the assessment, and the corporation are at liberty to accept it or not; and it cannot be denied, that should they have the option of taking, or refusing to take the ground, at the assessment, that they may proceed, *toties quoties*, until they get an assessment which they approve.

The proceedings in question do not partake at all of the nature of judicial proceedings. There is nothing to be done by the mayor's court but to affirm or disaffirm the assessment. The process to convoke the jury is issued by magistrates out of court, under their hands and seals. The authority under which the mayor's court acted, was specifically derived from the legislature, and must be strictly pursued; when, therefore, the assessment was confirmed, the court had no further powers: they were *functus officio*. (11 *East*, 200, 201, 202.) There is no analogy between this proceeding and the judicial proceedings of a court of record, in the progress of a cause. The power granted by the legislature to the mayor's court in the present instance, may, not unaptly, be compared to the power given to a court of common pleas, to discharge an insolvent from his debts. In both

cases, the court act *qua* commissioners. Should the court of common pleas discharge a person, as an insolvent, can it be pretended they would have a revisionary power, and might annul the discharge? In all that class of cases, where the proceeding is conducted in court, and the judges act as commissioners, their acts once done are irreversible by themselves.

The variance between the requisition made by the corporation, and the *venire*, or the description of the land, is cured by the subsequent assent of the corporation, through its attorney, by moving a confirmation of the assessment. In doing that act, they assented to take the land as described in the *venire*. Any irregularity which may have intervened on the assessment, was cured, also, by that act of assent.

The objection to the want of a record, has its foundation in considering this proceeding as judicial. If it is not, then there is no force in the objection.

We, therefore, concur in the opinion delivered at the trial, excluding the evidence offered by the defendants.

That the *venire*, under which the jury was summoned, differed from the one produced at the trial, was an objection which should have been taken at the trial, and cannot now be discussed. It may, however, be observed, that as it was matter of inducement; and as courts have latterly inclined to get over technical objections, there may not be much weight in the objection.

Motion denied.