BERNARD SHERIDAN, Appellant, *v.* MARY LINDEN et al., Respondents.

A judgment by default in ejectment is not conclusive against persons claiming under the defendant, unless it has been for three years *docketed* in the office of the clerk of the court in which it was rendered. (2 R. S. 309, § 38.)

The "judgment book" required to be kept by every clerk of a court of record (Code of Procedure, § 279; Code of Civil Procedure, § 1236), is a separate and distinct book from the "docket book," also required to be kept (2 R. S. 360, § 13; Code of Procedure, § 282; Code of Civil Procedure, § 1245); and an entry of such a judgment in the "judgment book" is not sufficient; unless entered in the "docket book" it is not docketed within the meaning of the statute.

(Argued April 13, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming judgment in favor of defendants, entered upon a decision of the court on trial without a jury. The nature of the action, and the material facts appear in the opinion.

*D. P. Barnard* for appellant. There was a sufficient compliance with the statute requiring the docketing of the judgment. (2 R. S. 360, §§ 12, 13; title 1, part 3, ch. 5, § 31 [38] of R. S.; 1 Burr. L. Dic. 505; 3 Black. Com. 397, 398; 2 Tidd's Pr. 989; Eden's Bank. Law, ch. 4, § 1; Code of 1856, §§ 279, 280.)

*John Andrews* for respondents. The judgment by default put in evidence cannot affect the parties to this action, because it was not properly docketed. (3 R. S. [5th ed.] 596, § 31; id. 639, § 12.)

FOLGER, Ch. J. This is an action of ejectment. The plaintiff to prove his title made evidence by record that showed title in Stephen C. Jackson in severalty in 1853. He then put in evidence a judgment-roll in an action wherein he was

plaintiff and Jackson defendant.    That action was in the City
Court of Brooklyn.    Judgment was had by default for want
of an answer.    It was entered on the records of that court
Nov. 19, 1856.    The reception of the roll in evidence was ob-
jected to on the ground that it would not affect the defendants
in this action, as it showed a judgment by default, which was
not docketed in the office of the clerk of the court in which it
was recovered, nor in the office of the clerk of the county in
which the lands lay.    The plaintiff sought to meet the objec-
tion by putting in evidence, from the office of the clerk of that
court, Judgment Book No. 4, which had, on some of the first
pages of it, an alphabetical index at all the letters of the alpha-
bet except J ; at letter I of which index appeared the name
" Jackson, Stephen C.," in the first column ; the name " Ber-
nard Sheridan " in the second column ; the figures " 103 " in
the third column ; and at page 103 of the book an entry of the
same names thus : " Bernard Sheridan agst. Stephen C. Jack-
son.    Filed November 19, 1856, 11:48 A. M., Lewis & Reeves,
attorneys ; " and then followed on in *totidem verbis* the entry
of a judgment, with all the recitals and statements, and adjudi-
cation, and the signature of the clerk with his official title.
The plaintiff then made other proof showing the possession of
defendant Linden, the rental value of the premises, and the
service of a tax notice upon Jackson, and the payment of money
by John Andrews, trustee, to redeem ; and rested his case.
The defendants moved to dismiss the complaint, on the ground
that the judgment offered in evidence could not affect any
of the defendants in this action, for the same reason that the
reception of it in evidence was objected to.    The trial court
sustained the objection and dismissed the plaintiff's complaint,
holding and deciding that the judgment of the City Court was
never docketed in the office of the clerk of that court, and that
the plaintiff showed no cause of action against the defendants.
The General Term sustained the holding and decision of the
City Court.    We think that the court below did right.

A judgment in ejectment by default is not conclusive against
persons claiming under the defendant in it, unless it has been

for three years docketed in the office of the clerk of the court in which it is rendered.   It is not conclusive at common law. (*Sheridan* v. *Andrews*, 49 N. Y. 478–480.)   It is not conclusive by the Revised Statutes, nor by subsequent statutes. (2 R. S. 309, §§ 36, 38 ; Laws of 1862, ch. 485, p. 977, § 1.)   No other statute than these is cited.   The docket of judgments which the clerk of every court of record must keep (2 R. S. 360, § 13) is another thing from the book of judgments which he must also keep. (Old Code, § 279 ; New Code, § 1236.)   The Codes require of the clerk that he keep two kinds of books; one a "judgment book" (Old Code, §§ 279, 280 ; New Code, § 1236), and another a docket of judgments. (Old Code, § 282; New Code, §§ 1245, 1246.)   They are not alike.   The latter is the one in which judgments are to be docketed.   Unless entered in that, they are not docketed, as that word is used in the statutes.   The judgment on which the plaintiff relied was not shown to have been entered in the docket-book of the clerk of the court.   Hence it was not docketed, and did not have the effect upon the defendants which the Revised Statutes give to a judgment in ejectment by default.   Thus the plaintiff failed to show a title prevalent against the possessory right of the defendants.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.