In the Matter of the BOARD OF STREET OPENING AND IMPROVEMENT OF THE CITY OF NEW YORK, for and on behalf of THE MAYOR, ALDERMEN AND COMMONALTY of the Said City, Relative to the Opening of LEXINGTON AVENUE, between Ninety-seventh and One Hundred and Second Streets, in the City of New York.

JOHN SCHREYER, Appellant; JAMES A. DEERING, Respondent.
(No. 2.)

*Judgment — entry of, in a special proceeding.*

*Quære,* whether it is regular to enter a judgment in a special proceeding.

*It seems,* that, if an action is commenced by the service of a summons, the relief granted to either party is evidenced by a final judgment; but where the appropriate remedy is by petition, the final order, although docketed as a judgment, cannot be the basis of a separate and independent judgment.

APPEAL by John Schreyer from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of February, 1898, denying his motion to vacate a judgment docketed against him in favor of James A. Deering.

*Alex. Thain,* for the appellant.

*Clarence L. Barber,* for the respondent.

INGRAHAM, J.:

As we have determined upon the appeal from the order confirming the referee's report that the proceeding is unauthorized and must be dismissed, it follows that the judgment entered upon the order confirming the referee's report must be vacated. It is not necessary to determine whether or not it was regular to enter a judgment upon such an order in a special proceeding. We think, however, that rule 27 of the General Rules of Practice does not authorize the entry of a formal judgment. That rule does not provide for the entry of a judgment on an order, but merely allows an order directing the payment of a sum of money to be enrolled and docketed as if it were a judgment. It seems to me clear that, under the provisions of the Code, if an action is commenced by the service

of a summons, the relief granted to either party is evidenced by the final judgment. Where the appropriate remedy is by petition, and the final order is entered directing a party thereto to pay a sum of money to the party in whose favor the order is entered, either party is entitled to have the order enrolled and docketed as a judgment, but a final order in a special proceeding cannot be the basis of a separate and independent judgment.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the judgment entered by the petitioner granted, with ten dollars costs.

BARRETT, RUMSEY and MCLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.