In the Matter of the Application of THE EAST RIVER LAND COMPANY, Respondent, for a Peremptory Writ of Mandamus against WILLIAM A. PRENDERGAST, as Comptroller of the City of New York, Appellant.

Condemnation proceedings — interest on disbursements allowed property owner upon discontinuance of proceeding — interest does not begin to run until entry of final order.

A final order in a special proceeding to condemn lands is an adjudication in the nature of a judgment, and where it directed the payment of a sum of money, interest is payable thereon from the date of entry. (Code Civ. Pro. § 1211.) The report of a referee

recommending such payment is not, however, an adjudication which liquidates the claim and makes it due so as to draw interest from its date.

*Matter of East River Land Co.*, 152 App. Div. 933, modified.

(Argued November 18, 1912; decided December 3, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 4, 1912, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel (Joel J. Squier* and *George E. Draper* of counsel), for appellant. The city of New York is not liable for interest on disbursements taxed pursuant to section 1000 of the charter unless and until it has failed to pay the amount so taxed after demand for payment filed with the comptroller. (*Matter of Edelmuth*, 142 App. Div. 785; 202 N. Y. 602; *Barnes* v. *Mayor, etc.*, 27 Hun, 238; *Taylor* v. *Mayor, etc.*, 67 N. Y. 87; *O'Keefe* v. *City of New York*, 176 N. Y. 297; *Matter of Minzesheimer*, 144 App. Div. 576; 204 N. Y. 272; *Carpenter* v. *Mayor, etc.*, 51 App. Div. 584; *Matter of Montgomery St.*, 91 App. Div. 532; *Donnelly* v. *City of Brooklyn*, 21 N. Y. 9.) The order of Special Term, dated July 21, 1909, taxing the East River Land Company's disbursements at the sum of $17,343.03 was not a judgment for that amount which bore interest from the date of entry thereof under section 1211 of the Code of Civil Procedure. (*Van Arsdale* v. *King*, 155 N. Y. 325; *Fenelon* v. *Paillard*, 93 N. Y. Supp. 1101; *Matter of Lexington Ave.*, 30 App. Div. 609; *Sheridan* v. *Linden*, 81 N. Y. 182; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9.)

*Charles Benner* for respondent. The order of Special Term on July 21, 1909, taxing the disbursements and directing the payment of costs of reference was a final judgment, and as such bore interest. (*Pittman* v. *Mayor*, 10 N. Y. Super. Ct. 370; *Supervisors Onondaga Co.* v.

*Briggs*, 2 Hill, 135; *Hun* v. *Norton*, Hopk. Ch. 344; *Matter of Fenlon* v. *Paillard*, 46 Misc. Rep. 151; *Matter of Dept. of Parks*, 73 N. Y. 560; *Matter of Bd. of Street Openings*, 21 App. Div. 357; *Dolan* v. *Mayor, etc.*, 62 N. Y. 472; *Matter of Arnold*, 60 N. Y. 26; *G. P. & R. Mfg. Co.* v. *Mayor, etc.*, 108 N. Y. 276; *Matter of Trustees*, 137 N. Y. 95; *O'Brien* v. *Young*, 95 N. Y. 428; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9.) The costs of reference directed to be paid by the order become a part of the money judgment directed to be paid by the order, and should also bear interest. (*Bundy* v. *City of New York*, 1 Sandf. 569.)

VANN, J. In February, 1905, a proceeding was instituted by the city of New York to acquire by condemnation certain lands of the East River Land Company for the purpose of a public park. In January, 1906, commissioners to assess the damages were appointed and numerous hearings were had before them when in November, 1907, the entire proceeding was discontinued by the city as the charter permitted. Thereupon the land company applied on notice to the city and pursuant to a statute relating to the subject for the taxation of the disbursements which it had necessarily incurred in the matter. This resulted in an order of reference by which the referee was directed " to take testimony as to the reasonable and actual cash disbursements necessarily incurred and made in good faith " by the land company and to report the same together with his opinion. The referee took the evidence and on May 25, 1909, reported that the sum of $17,343.03 should be allowed to the land company pursuant to the statute. On the 21st of July, 1909, the report was confirmed by the justice who appointed the referee, but the order of confirmation made no provision for any interest on the sum reported between the date of the report and the date of the order of confirmation, a period of fifty-seven days. By said order it was adjudged

"that the reasonable and actual cash disbursements necessarily incurred and made in good faith by said East River Land Company in this proceeding be and the same are hereby taxed at the aforesaid sum of $17,343.03, which disbursements shall be paid to said East River Land Company by the City of New York." The city appealed from said order to the Appellate Division and from its order of affirmance to this court, which also affirmed, costs being allowed against the city on both appeals by orders duly entered. On the 16th of December, 1910, the comptroller paid the several sums of principal amounting to $18,128.26, but refused to pay any interest. The receipt given by the land company to the comptroller and accepted by him stated that it was "in full payment of above account, except, however, all claims for interest upon the foregoing amounts which are hereby expressly reserved although not conceded by the city to be due."

This proceeding was commenced to compel the comptroller to pay interest on said sums and it resulted in an order made at Special Term directing him to pay interest at six per cent on said sum of $17,343.03 from May 25, 1909, to December 16, 1910, and on the sums allowed as costs from the respective dates of allowance until December 16, 1910. From the order of the Appellate Division affirming said last-named order directing such payment of interest this appeal is taken.

Section 1000 of the city charter (L. 1901, ch. 466), so far as now material, provides that in case of the discontinuance by the city of a proceeding to condemn lands "the reasonable actual cash disbursements necessarily incurred and made in good faith by any party interested shall be paid by the City of New York after the same shall have been taxed by a justice of the Supreme Court, or by a referee under his special order * * *." Pursuant to this statute taxation was made by the court, for the order of reference was merely to report with opinion. By a final order in an independent special proceeding, it was duly adjudged that

the sum of $17,343.03 was due from the city of New York to the East River Land Company, and the city was directed to pay the same. That adjudication was in the nature of a judgment, which bears interest from the date of entry. (Code Civ. Pro. § 1211.) If it had been rendered against an individual or an ordinary corporation an execution against personal property could have been issued to collect the amount ordered to be paid. (Id. § 779.) The claim was liquidated, the order to pay made it due at once, and it became the duty of the city to make immediate payment. Money was withheld which should have been paid, and according to familiar principles interest should be allowed by way of damages for the detention from the date of the adjudication to the date of payment with all rights reserved.

Interest, however, has been awarded not only from that date, but also from the date of the report of the referee, and for this we find no authority. The referee's report was not an adjudication but a recommendation, for he was ordered to report with his opinion. Until confirmed it was not final, but advisory merely in order to inform the conscience of the court, which could have rejected it and sent the matter back to the same or to another referee, or could have acted without the aid of a reference. It did not finally liquidate the claim and make it due so as to bear interest. We think that the orders below were properly made in all respects except in the allowance of interest from the date of the referee's report to the date of the order of confirmation and that in that respect they were erroneous.

The orders should be modified by deducting from the aggregate amount allowed interest on the sum of $17,343.03 for the period of fifty-seven days, being $162.45, and as thus modified affirmed, without costs in this court to either party.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Ordered accordingly.