### In re COMMISSIONERS OF PALISADES INTERSTATE PARK.

### In re HAVERSTRAW CRUSHED STONE CO.

(Supreme Court, Appellate Division, Second Department. May 5, 1916.)

1. EMINENT DOMAIN ⬅247(1)—AWARD—INTEREST—"JUDGMENT."
    An award in condemnation, when confirmed by the court, is not a "judgment," so as to bear interest, under Code Civ. Proc. § 1211, providing for a judgment for money bearing interest from time it is entered.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638, 643; Dec. Dig. ⬅247(1).

    For other definitions, see Words and Phrases, First and Second Series, Judgment.]

2. EMINENT DOMAIN ⬅247(2)—AWARD—INTEREST.
    An award in condemnation for the Palisades Park, under Laws 1900, c. 170, does not bear interest till the commissioners could have been required to pay it, and so are in default for not paying it, and so not till

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

after the Court of Appeals had finally disposed adversely of motion to abandon the proceeding against persons to whom the award was made.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 639, 641; Dec. Dig. ☞247(2).]

Putnam, J., dissenting in part.

Appeal from Special Term, Rockland County.

In the matter of the application of the Commissioners of the Palisades Interstate Park for condemnation of lands in the county of Rockland. From an order of December 23, 1915, as resettled and re-entered in January, 1916, for payment of interest on an award to the Haverstraw Crushed Stone Company, the Commissioners appeal   Reversed and motion denied.

See, also, 216 N. Y. 104, 110 N. E. 260, affirming order in 166 App. Div. 443, 151 N. Y. Supp. 977.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Edward W. Hatch, of New York City, for appellants.

Henry W. Hardon, of New York City (Charles F. Brown, of New York City, on the brief), for respondent.

RICH, J.   This appeal is from an order directing the commissioners of the Palisades Interstate Park to pay to the respondent interest on the principal sum of an award amounting to $210,000, from the date when the order was entered to the date of the payment of the principal sum, and directing that the commissioners pay to Henry W. Hardon interest on the disbursements and costs which had been allowed to him, at the rate of 6 per centum per annum. Considerable time elapsed between the time when the awards were made and the date when they were paid, which was excusable, and is of no consequence in determining the issue presented by this appeal.

[1, 2] The learned court at Special Term held, first, that the respondent was entitled to interest as matter of law, under the provisions of section 1211 of the Code of Civil Procedure, which, so far as material, provides that "judgment for a sum of money, rendered in a court of record, or not of record, or a judgment rendered in a court of record, directing the payment of money, bears interest from the time when it is entered"; and, second, that it was entitled to interest as a matter of justice and equity. I am unable to find any provision of statute under which interest may be paid on an award, and no time is fixed within which the principal must be paid. Confirmation of the commissioners' report does not transfer the title or any right of possession to the property in the commissioners. Section 16, chapter 170, of the Laws of 1900, provides that they "shall not acquire the title to or enter into possession of any of the said appraised premises until the amount awarded for the same shall have been paid to the owner or owners, * * * but such payment shall operate to transfer the title to the said commissioners." It seems to be apparent, therefore, that interest is no part of an award, but is in the nature of damages for default in payment of the award when it becomes due and payable.

This was held in Grote v. City of New York, 117 App. Div. 768, 102 N. Y. Supp. 977. This decision was reversed by the Court of Appeals (190 N. Y. 235, 82 N. E. 1088), but upon other grounds.

It is the general rule, in law and in equity, that interest is recoverable only when there is a contract or statute providing for its payment. In the case at bar there is no contract or statutory provision for interest upon the award. If the recovery of interest is to be sustained, it must be upon the ground that it was allowable as damages for default in payment of the award, and this presents the crucial question: When did the legal duty to pay the award to the respondent arise as an absolute, present enforceable duty, for until such time the commissioners were not in default for its nonpayment, and from such time only could interest be allowed as damages. The court reached the conclusion that it was payable upon the day the report was confirmed and payment directed, and that respondent was entitled to interest under section 1211 of the Code of Civil Procedure.

It is argued that, the Palisades Park statute not providing for a judgment, no judgment other than the order of confirmation is possible, and our attention is directed to Matter of Lexington Avenue, No. 2, 30 App. Div. 609, 52 N. Y. Supp. 342, affirmed 157 N. Y. 678, 51 N. E. 1092, Matter of East River Land Co., 206 N. Y. 545, 100 N. E. 421, Donnelly v. City of Brooklyn, 121 N. Y. 9, 24 N. E. 17, Matter of Rhinebeck & Connecticut R. R. Co., 67 N. Y. 242, and Stafford v. Mayor of Albany, 7 Johns. 541, as authorities sustaining the conclusion of the learned court at Special Term.

In Matter of Lexington Avenue, supra, the question involved was whether a final order in a proceeding to condemn land could be made the basis of a separate and independent judgment. It was held that it could not, but the court pointed out that under rule 27 of the General Rules of Practice an order directing the payment of money, or affecting the title to property, could be enrolled and docketed as a judgment. It nowhere appears in the record before us that the order of confirmation in the case at bar was docketed as a judgment; but, if it had been, it would not have been within the provisions of section 1211 of the Code, which does not refer to the docketing of a judgment, and does not attach interest to any judgment except one that has been "entered." Code of Cvil Procedure, § 1236; Sheridan v. Linden, 81 N. Y. 182. No question of the right to interest was considered or determined in the cited case of Matter of Rhinebeck & Conn. R. R. Co., supra. In Donnelly v. City of Brooklyn, supra, it was held that an award confirmed by the court was a judgment within the meaning of the statute of limitations and not barred until the expiration of 20 years, and upon the question of interest it was said:

"The question in relation to interest upon the award * * * is a more serious one and is not entirely free from doubt. The case is sui generis, and must be determined from a consideration of its peculiar character and circumstances. We entirely agree with the general proposition stated * * * that 'when interest is stipulated by contract, it is recovered (as interest or damages) according to the contract. When interest is not stipulated by contract, but default is made to pay a liquidated debt when due, interest is recoverable as damages from the date of default.' Under this rule the question arises, when did the duty to pay this award become imperative?"

And it is held:

"That if the duty to pay has not become absolute, the liability for interest does not arise, either at common law or by section 1211 of the Code."

Matter of Trustees, etc., 137 N. Y. 95, 32 N. E. 1054, is an authority for the proposition only that the condemnor cannot pay an award or take possession of the land under the provisions of the General Condemnation Law (Laws 1896, c. 589), until the final order of confirmation is made, and that:

"The only way a landowner can get interest upon the amount of the award is to enter and docket a judgment as provided in the condemnation law, and then he can collect interest upon his judgment as he could upon any other judgment."

But section 3373 of the General Condemnation Law expressly provides that upon the entry of the final order it shall be attached to the judgment roll in the proceeding—

"and the amount directed to be paid, either as compensation to the owners, or for the costs or expenses of the proceeding, shall be docketed as a judgment against the person who is directed to pay the same, and it shall have all the force and effect of a money judgment in an action in the supreme court, and collection thereof may be enforced by execution and by the same proceedings as judgments for the recovery of money in the supreme court may be enforced under the provisions of this act."

In Matter of East River Land Co., supra, it is held that a final order confirming the report of a referee in an independent special proceeding is in the nature of a judgment, which bears interest from the date of entry. This was in a proceeding by mandamus to compel the comptroller to pay interest upon actual cash disbursements after their taxation by a referee by order of the Supreme Court under the provisions of the charter of the city of New York, in a proceeding to condemn land which was abandoned after commencement, and it presented the question relating solely to the effect of the final order, without reference to equitable considerations such as are presented by the facts in the case at bar. In addition, it will be noted that the proceeding arose under the provisions of section 1000 of the City Charter (Laws 1901, c. 466), which provided that if the city discontinued a proceeding to condemn land, "the reasonable actual cash disbursements necessarily incurred and made in good faith by any party interested shall be paid by the city of New York after the same shall have been taxed by a justice of the Supreme Court, or by a referee under his special order," and by a final order it was adjudged that the sum of $17,343.03 was due from the city of New York to the East River Land Company, which the city was directed to pay. The court said, in giving to this order the effect of a judgment within the provisions of section 1211 of the Code:

"The claim was liquidated, the order to pay made it due at once, and it became the duty of the city to make immediate payment.  *  *  *  If it had been rendered against an individual or an ordinary corporation an execution against personal property could have been issued to collect the amount ordered to be paid."

These facts, in my judgment, clearly differentiate the cases.

The conclusion of the learned court, that the award to the respondent bore interest from the date of the order of confirmation, as matter of law, under the provisions of section 1211 of the Code, and allowance of interest in accordance with such conclusion, was erroneous. As has been pointed out, neither title nor right of possession passed to the appellants until the awards were paid, which was on December 29, 1915. Until that time the respondent's possession was undisturbed. It seems grossly inequitable that it should possess and enjoy the benefits arising from such possession, and, in addition, be given interest on the value of the property. It is not equitably entitled to both the use of its interest in the land and interest upon the award.

It further appears that, during the two years between the date of the entry of the order of confirmation (January 16, 1914) and the payment of the award (December 29, 1915), the respondent was in the undisturbed possession of the property covered by its leases, and conducted its business to some extent thereon, and although it is claimed that, because of the difficulties of procuring skilled labor and the inability to make the usual preparation for operation in the early part of the year, the cost of operation exceeded the return from the sales. This is not shown to have resulted from any act of the appellants. No act of theirs interfered with the respondent's possession, or prevented its enjoyment and user of its plant and business to their fullest capacity, and to the greatest extent they could have used it if this proceeding had never been instituted. The reasoning of the Court of Appeals in Hamersley v. Mayor, etc., of N. Y. City, 56 N. Y. 533, and Matter of Trustees, etc., supra, in discussing the right to interest upon awards, is applicable to the facts and equities presented by the case under consideration. It further appears that all parties interested, including the owners of the fee, appealed from the order of confirmation. The order was affirmed by the Appellate Division in October, 1914. On February 26, 1914, while the appeals were pending, and before the respondent had given notice of the withdrawal of its appeal, it sought information as to whether the park commissioners proposed to pay the awards, and was informed that, because of the pending appeals, the proceeding was not concluded, and that the appellants were responsible for the delay in payment, but that, if all parties in interest would discontinue their appeals and accept their awards, the commissioners would pay the same at once; that they would not be justified in paying awards during the pendency of the appeal of the fee owners, for the reason that, if the park commissioners did not succeed in acquiring the fee, the leashold interests would be of no value to the state; that until the determination of such appeal no payment to the respondent could be properly or safely made, and that the commissioners, not desiring or intending that the leaseholders should be deprived of the use of their property during the pendency of such appeal, would enter into an arrangement with it by which it could have and enjoy, without interference or hindrance, the use of the property covered by its lease, together with its plant, to which proposition the company replied that it had concluded to operate the trap rock properties only. It is thus apparent that while the appeal of the fee owners

was pending the park commissioners could not, without prejudicing the interests of the state, pay the award to the leasehold owner, nor were they legally required to do so, and were not in default in not making such payment, and that they were willing and offered to make such arrangements as would enable the respondent to occupy its property and plant without let or hindrance during the pendency of such appeal. Until November 10, 1914, when the order of the Appellate Division confirming the award was entered, such conditions continued. Before that date, viz. on July 3, 1914, the motion of the park commissioners for leave to discontinue and abandon the proceeding as against the Haverstraw Company was granted, and until November 9, 1915, when the order of the Court of Appeals was entered, the commissioners could not have been required to pay the award, and they were not in default for not so paying. Until they were in default, no interest could in any event attach to such nonpayment as damages therefor.

The order must be reversed, with $10 costs and disbursements, and the respondent's motion to compel the payment of interest denied, with $10 costs.

THOMAS and CARR, JJ., concur. PUTNAM, J., votes to modify the order by requiring that interest be paid from March 5, 1915. JENKS, P. J., not voting.