Bessie V. Cole, Respondent, *v.* Edward L. Vincent and Another, Appellants.

Fourth Department, May 21, 1930.

*H. L. Wallace,* for the appellant Edward L. Vincent.

*John L. Mournighan,* for the appellant Oswego Abstract Company.

*Melvin & Melvin* [*Jerome K. Cheney* of counsel], for the respondent.

Thompson, J. The defendant Vincent was the county clerk of Oswego county on July 23, 1923, when a judgment in favor of Lula

N. Farrell and against one Henry L. Cole for $3,398.82 was perfected, filed and docketed in his office. In docketing the judgment in the judgment docket book, the clerk entered the judgment debtor's surname in the proper column but failed to enter his given name in the column provided for given names commencing with the letters F, G, H, I, J. Instead he entered it in the column provided for names beginning with the letters A, B, C, D, E. Thereafter plaintiff purchased a farm of said judgment debtor, Henry L. Cole, through one William M. Thayer, a real estate agent with whom Cole had listed it for sale. In the course of Thayer's employment and in the month of January, 1924, he mailed an abstract of title of the farm to defendant abstract company and ordered it to continue it to date. In the letter accompanying the abstract he particularly warned the company that there was a judgment against Cole, which affected the property, and requested it to check very carefully for it. The abstract company completed the search, certified it, and upon payment of its fee delivered it to Thayer. It did not show this judgment. Later, in the course of negotiations for the sale of the farm to plaintiff, Thayer turned the search over to Edward D. Chapman, who was the attorney for the plaintiff throughout the transaction. Chapman examined the search and finding no judgment entered upon it against said judgment debtor and vendor, he so informed his client, who, depending thereon, bought the farm. Very soon thereafter the judgment developed and to absolve the farm from a lien of it, it became necessary for plaintiff to pay $1,035, together with $160 counsel fees, for which sum with interest she brought this action against the county clerk, Vincent, and the abstract company.

There are two causes of action set up in the complaint: *First*, a cause of action against Vincent, county clerk, founded in negligence and alleging " the plaintiff relying on the records maintained in said county clerk's office, and without notice of the said judgment, purchased," etc.; and *second*, " For a separate and distinct cause of action," a cause of action in contract against defendant Oswego Abstract Company, alleging the engagement of defendant to prepare an abstract of title of the premises, the furnishing by it of an abstract which did not set forth the judgment, plaintiff's reliance upon it, and damages in the same amount as in the first cause of action. The answer of each defendant, after certain formal admissions, is devoted exclusively to denials.

At the trial on proof of the facts, as above stated, the plaintiff rested. A motion for nonsuit was thereupon made by each defendant and denied by the court. Defendants then rested, and on motion of plaintiff's attorney a verdict was directed against both

of them for the sum of $1,195. Judgment on the verdict, with costs, was entered in Oswego county clerk's office on May 18, 1928.

A judgment must be docketed as well as entered in the judgment book and the clerk must keep a judgment docket book as well as judgment book. (*Sheridan* v. *Linden*, 81 N. Y. 182; Civ. Prac. Act, § 501; Rules Civ. Prac. rule 201; County Law, § 171, as added by Laws of 1920, chap. 921.) It is the county clerk's duty to provide books, ruled in columns, convenient for making · the entries under the initial letter of the *surname*, only, of the judgment debtor. (Civ. Prac. Act, § 501.) It is the practice, however, to provide books with columns appropriate to the entry of the judgments in accordance with the initial letter of the *given names* as well as the *surnames* of judgment debtors. While this is not required by law, if the county clerk undertakes to do it, he must use reasonable care to index such given name in its proper column so that no one may be misled thereby. Nevertheless a judgment entered in accordance with the requirements of the statute is a sufficient and legal judgment though the given name of the judgment debtor may not appear in the proper column. (*H. R. & C. Co.* v. *Smith*, 242 N. Y. 267.)

Appellant abstract company insists that it has no responsibility to plaintiff because the search having been ordered by the agent of plaintiff's grantor, there was no privity of contract between it and plaintiff. With this I am not in accord. It is plain that, when this search was ordered by the real estate broker, it was within the contemplation of Henry L. Cole and the abstract company that it was to be for the benefit of whosoever purchased the farm, that it would be used by Cole as inducement to the sale of the farm, and that the purchaser would depend upon it. It cannot be conceived that any other purpose was thought of by the parties. It was the seller's duty to furnish it for the buyer, and he did so. It was of no service or security to the seller. His title and ownership with its liens and frailties remained the same with or without it. It was material and assuring to the purchaser. When it was made current by the company, it knew as matter of fact as well as of law the purposes for which it was obtained and to which it would be applied, and by undertaking the service it assumed responsibility and its liability became fixed. In such case in ordering the search the real estate broker not only acted as agent for the owner of the property but he acted as agent for the buyer, and contract as well as privity of contract was complete. (*Hooper* v. *California*, 155 U. S. 648, 657; *Seaver* v. *Ransom*, 224 N. Y. 233, 238; 4 R. C. L. 255; 9 C. J. 518; 1 id. 369; 1 R. C. L. 95.) Whether it be said that plaintiff bought and paid for the abstract,

or bought and paid for the farm with the abstract included is not important. In either event it was purchased by and for her, and whoever actually bought it did so as her agent.

That a beneficiary who furnishes the consideration may enforce the contract there would seem to be no doubt. This right can be sustained either on the ground that the promisee acted as agent for the beneficiary, or on the theory that the consideration draws the promise to it. (*Gorrell* v. *Greensboro Water Supply Co.*, 124 N. C. 328; 32 S. E. 720; 70 A. S. R. 598; 46 L. R. A. 513.)

I find support for the principle underlying this holding in *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.* (106 N. Y. 195), in which the court measures the responsibility of the defendant to third parties by its knowledge of the custom and usage of the use made of such documents (bills of lading) when it released them.

"Constantly the bounds of duty are enlarged by knowledge of a prospective use. * * * We must view the act in its setting, which will include the implications and the promptings of usage and fair dealing. The casual response, made in mere friendliness or courtesy (*Fish* v. *Kelly*, 17 C. B. [N. S.] 194, 205, 207 * * *) may not stand on the same plane, when we come to consider who is to assume the risk of negligence or error, as the deliberate certificate, indisputably an 'act in the law' (Pollock, Contracts [8th ed.], p. 3), intended to sway conduct." (CARDOZO, J., in *Glanzer* v. *Shepard*, 233 N. Y. 236, 240, 241.) (See, also, *MacPherson* v. *Buick Motor Co.*, 217 id. 382, 390, and *International Products Co.* v. *Erie R. R. Co.*, 244 id. 331.) Moreover, it will be seen that this principle does not depend upon the identity of the person for whose benefit the service was procured, or the knowledge of the person rendering it of such identity. The assumption of the making of the abstract was the taking on of a duty to do it correctly for the person whose conduct was to be governed by it. "We do not need to state the duty in terms of contract or of privity. Growing out of a contract, it has none the less an origin not exclusively contractual. Given the contract and the relation, the duty is imposed by law." (*Glanzer* v. *Shepard, supra*, 239.) (See, also, *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co., supra*, 106 N. Y. 195.)

This is not to say that the maker of an abstract of title is responsible to every person into whose hands it may subsequently find its way. The responsibility ceases with the person who contracts for the abstract or his privy, that is to say, liability stops with the person who purchases the abstract or the identical one for whose use and dependence he procures it. This distinction makes the decision in *Glawatz* v. *People's Guaranty Search Co.*

(49 App. Div. 465) authority here, the plaintiff in that action not being the immediate grantee of the person who ordered the abstract.

" In the present case the plaintiff certainly was not a party to the contract; *neither was she privy thereto;* and there is nothing in the record to indicate that Peacock was under any obligation to furnish her with an abstract of title to the premises of which she ultimately became the owner; and with these elements absent it is difficult to see how she can bring her case within the rule which she invokes, as that rule has been interpreted by the authorities to which reference has just been made." (*Glawatz* v. *People's Guaranty Search Co., supra.*)

The action against the abstract company was in contract, the damages were specific and exact in amount, there were no questions of fact for the jury, and I am of the opinion that the trial court was right in directing a verdict against that defendant and in favor of the plaintiff.

We feel, however, that the trial court was in error in directing a verdict against the county clerk. As has been said, that action was in negligence and upon the facts, as above stated, we think there was a question presented for the consideration of the jury. While doubtless the county clerk was guilty of negligence as matter of law in entering the christian name of the judgment debtor as he did, there still remains a question of fact as to whether or not such negligence was a proximate or concurring cause of the injury sustained by plaintiff.

It is claimed that the county clerk is not responsible to plaintiff because, according to the pleadings and proofs, she at no time relied upon the county clerk's records but solely depended upon the abstract of title. These considerations do not affect the question. The form of action chosen by plaintiff in asserting her claim against the abstract company did not release the county clerk. His liability remained the same as it would have had she sued both defendants in negligence, in which case the various questions of negligence and of proximate cause would necessarily have been for the jury.

It is further said that the action of the abstract company was such an intervening efficient cause of the injury as to exclude a finding of fact that the negligence of the county clerk in making the record was a proximate cause of the injury. With this we do not agree. Assuredly these are questions of fact. If the act of a party sought to be charged is in clear sequence with the result, and it *could* have been reasonably anticipated that the consequences complained of would follow the alleged wrongful act, it is a proximate cause. But if the consequences were only made possible by

the intervening act of a third party which could *not* have been reasonably anticipated, then the sequential relation between act and result would not be regarded as so established as to come within the rule. (*Saugerties Bank* v. *D. & H. Co.*, 236 N. Y. 425, 430.)

We cannot say upon this record as matter of law, either that the faulty docketing of the judgment did not contribute to the injury sustained by plaintiff, or that such injury could not reasonably have been anticipated. (*Donnelly* v. *Piercy Contracting Co.*, 222 N. Y. 210, 214; *Leeds* v. *N. Y. Telephone Co.*, 178 id. 118; *Perry* v. *Rochester Lime Co.*, 219 id. 60; *Laidlaw* v. *Sage*, 158 id. 73, 99; *Lowery* v. *Western Union Tel. Co.*, 60 id. 198, 202; *Di Biase* v. *Ewart & Lake, Inc.*, 228 App. Div. 407.)

However, for reasons stated in the opinion of SEARS, P. J., filed herewith, the majority of the court are of the opinion, in so far as the appeal of the defendant abstract company is concerned, that questions of fact are involved which must necessarily be submitted to the jury. The judgment and order should, therefore, be reversed and a new trial ordered, with costs to appellants to abide the event.

SEARS, P. J. As to the defendant Vincent I agree with what is said by Justice THOMPSON in his opinion. As to the Oswego Abstract Company, however, I have reached the conclusion that no cause of action on contract as alleged in the complaint is maintainable. The contract was between the abstract company and Henry L. Cole. The real estate agent who ordered the abstract was the agent of Henry L. Cole and, so far as appears, of no one else. Nor was the plaintiff a beneficiary of the contract between the abstract company and Henry L. Cole so as to be entitled to maintain an action upon it. She is not within any of the classes to which the familiar rule in *Lawrence* v. *Fox* (20 N. Y. 268), as amplified in *Seaver* v. *Ransom* (224 id. 233), is applicable. The record discloses no obligation from Henry L. Cole to the plaintiff nor any knowledge by the abstract company of an obligation of Henry L. Cole to any one.

If the complaint may be deemed amended by what occurred at the close of the trial so as to embody an allegation of negligence, still questions of fact remained which only the jury could resolve. The certification of the abstract was but the " culmination " and the " summary " of the searcher's work. (*Glanzer* v. *Shepard*, 233 N. Y. 236, 241.) In view of the form of the judgment docket and of the entries in it, a question of fact as to the care of the abstract company was presented. Whether the plaintiff was one to whom the abstract company owed a duty of care (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339) was a further question of

fact. Though " constantly the bounds of duty are enlarged by knowledge of a prospective use," still " the controlling circumstance is not the character of the consequence, but its proximity or remoteness in the thought and purpose of the actor." (*Glanzer* v. *Shepard, supra,* 240.) We know that abstracts of title are not always obtained by owners for delivery to purchasers or mortgagees. " One may procure a search of the title to his land for his own satisfaction as well as for use in procuring a loan." (*Day* v. *Reynolds,* 23 Hun, 131; *Savings Bank* v. *Ward,* 100 U. S. 195.) A real estate agent may procure one for his own use. The duty of the abstract company would depend on the knowledge it had or with which under all the circumstances it can fairly be charged. Whether the duty in this case extended as far as the plaintiff was for the jury.

The judgment and order should be reversed and a new trial granted, with costs to the appellants to abide the event.

Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellants to abide the event. As to the defendant Vincent, opinion by THOMPSON, J., in which all concur. As to the defendant Oswego Abstract Company, opinion by SEARS, P. J., in which all concur except THOMPSON, J., who dissents in an opinion and votes for affirmance.