In the Matter of the Application of EMMA ROSENTHAL, Sole Surviving Executrix, etc., of JESSE ROSENTHAL, Deceased, Petitioner, for a Mandamus Order against MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, and MORRIS S. TREMAINE, Comptroller of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, September 8, 1938.

*Cohen, Cole, Weiss & Wharton* [*Sidney A. Wolff* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Mortimer M. Kassell* of counsel; *Paul Newman* with him on the brief], for the respondents.

SCHENCK, J. In November, 1934, this court made a final order which provided that the State Tax Commission " refund to Emma Rosenthal as sole surviving executrix under the Last Will and Testament of Jesse Rosenthal, deceased, the sum of Five Thousand Seven Hundred Thirteen and 43/100 Dollars ($5,713.43), out of the funds in the hands or custody of the Comptroller of the State of New York, to the credit of transfer taxes, and that the said Comptroller of the State of New York pay and deliver to the said Emma Rosenthal, as executrix under the Will of Jesse Rosenthal, deceased, his check or warrant payable out of said fund for the said amount on account of the refund of taxes in the Estate of Jesse Rosenthal, deceased."

This order was duly entered in the office of the clerk on November 13, 1934. The respondents thereafter appealed from said order,

which resulted in an order of affirmance, dated November 18, 1935 (246 App. Div. 656), and the costs of said appeal were taxed in favor of the petitioner, and a subsequent application for leave to appeal to the Court of Appeals was denied (246 App. Div. 887). Subsequently, the respondents, claiming that a construction of the Constitution was involved, took an appeal as of right to the Court of Appeals. This appeal was dismissed, with costs to the petitioner (274 N. Y. 524). The petitioner claims to be entitled to the payment of the sum of $5,713.43, directed to be paid by order of November 13, 1934, together with interest thereon from the date of entry thereof. The question involved here is whether or not petitioner is entitled to interest.

This proceeding is governed by article 78 of the Civil Practice Act. No triable issue of fact is raised and the court, accordingly, is required to make such final order as the case requires. (Civ. Prac. Act, § 1295.) The mandamus order entered on November 13, 1934, directing the respondents to refund to the petitioner $5,713.43, was a final order in the former proceeding in mandamus. It must be treated as a judgment for the payment of money. As such it bears interest.

This construction follows the explicit provisions of the statute. The former Civil Practice Act, section 1332, which in 1934 applied to mandamus proceedings, provided in express terms that for the purpose of the application, which must be deemed broadly to refer to the entire proceeding, the final order " is deemed to be a final judgment." Its status as a judgment, however, was not affected by compliance or non-compliance with the procedural requirements necessary for the docketing of a judgment or its enforcement as such by execution. It is deemed to be a judgment within the plain intent of the statute, without regard to the subsequent procedural steps required for its docketing or enforcement by execution. The purpose of docketing is to establish it as a lien against realty (*Whitney* v. *Townsend*, 67 N. Y. 40) and of the issuance of execution to obtain a more direct means of enforcement against the property of the respondent than that offered by proceeding to punish for contempt.

For all other purposes, including the right to interest, the final order in this case must be treated as a " judgment rendered in a court of record directing the payment of money." (Civ. Prac. Act, § 481.) It bears interest from the time when it is entered.

It is an adjudication, in all events, " in the nature of a judgment, which bears interest from the date of entry." (*Matter of East River Land Co.*, 206 N. Y. 545, 549.) As in that case, it must be said here that the " order to pay made it [the claim] due at once.

* * * Money was withheld which should have been paid, and according to familiar principles interest should be allowed by way of damages for the detention from the date of the adjudication to the date of payment." (See, also, *Dunford* v. *Weaver*, 84 N. Y. 445.)

By the clear language of the Appellate Division, Second Department, in *Matter of Comrs. of Palisades Interstate Park* (172 App. Div. 643), the rule laid down in that case that it would be inequitable in a condemnation case to allow interest to run on an award, which prior to the payment vested neither title nor possession in the condemnor, has no application to a final order in mandamus for the payment of money. The court clearly distinguished between such a final order and the award there under consideration.

Order may be submitted directing the payment of $5,713.43, with interest computed from November 13, 1934, to the date of payment, and for the payment of costs as taxed, with interest thereon from the date of taxation.