In the Matter of WILLIAM H. LEWIS, JR., Defendant.

Children's Court, Westchester County, November 15, 1948.

*George M. Fanelli, District Attorney (James Page* of counsel), for the People of the State of New York.

*Morris Rosenwasser* and *Bernard Waxstein* for defendant.

SMYTH, J.   On July 11, 1948, a verified petition was filed by one John J. Crovert, a police officer of the city of Yonkers, alleging that the defendant was guilty of violating section 494 of the Penal Law of the State of New York, in that he did knowingly or willfully encourage, aid, cause, connive at and so act as to produce, promote or contribute to conditions which caused a child aged fifteen years (born on July 12, 1932) to be or become a juvenile delinquent, and to be brought before the

Children's Court, County of Westchester, and to be adjudged a juvenile delinquent on the 24th day of May, 1948. Specifically, the petitioner alleged on information and belief that on or about the 16th or 17th days of May, 1948, between the hours of 8:00 P.M. and 2:00 A.M., and on several Saturday and Sunday evenings between the hours of 8:00 P.M. and 1:00 A.M., in March, April and May, 1948, at and on the premises of the Empire Bowling Alleys, 604 Central Park Avenue in the city of Yonkers, New York, the said defendant, assistant manager of said bowling alleys, knowingly, willfully and unlawfully, and in violation of sections 130 and 180 of the New York State Labor Law, permitted said minor to work as a pin setter without an employment certificate and during prohibited hours of employment for minors. Further, it was alleged that during said hours the said minor was illegally upon the premises of the said Empire Bowling Alleys, he saw money being placed in the desk used by the said defendant, and that, as a result of the conditions produced, promoted and contributed to by the said defendant, during the period from March 1, 1948, to May 17, 1948, inclusive, the said minor in company with another, aged sixteen years, on the 17th day of May, 1948, at or about 3:15 A.M., shortly after leaving said premises, willfully and unlawfully re-entered the premises of the said Empire Bowling Alleys, and stole from a desk drawer the sum of $130 in cash in a large envelope and certain other moneys referred to in the said petition.

Annexed to the petition and made a part thereof, was the examination of the complaining witnesses which was held before the judge of this court on May 24, 1948, as required by law (*People* v. *Smith,* 266 App. Div. 57). The court therefore had jurisdiction to hear and determine the aforesaid charge against the defendant (*Matter of Humann* v. *Rivera,* 272 App. Div. 352; *People* v. *Dritz,* 259 App. Div. 210). The trial of the defendant was had in this court on September 16, 1948. It is not necessary in this opinion to review the evidence in detail. Suffice to say that the testimony of the witnesses clearly established the facts and circumstances alleged in the petition with respect to the employment of the said minor over a period of two or three months.

Employment of a child under sixteen years of age in a bowling alley, without working papers is prohibited by section 130 of the Labor Law and employment of such children between 6:00 P.M. and 8:00 A.M. is absolutely forbidden, by section 180 of the Labor Law. Employment of boys sixteen to eighteen years of age in bowling alleys, between midnight and 6:00 A.M. is

prohibited, by section 180-a of the Labor Law. Consequently, the defendant violated these statutes and the younger boy became a juvenile delinquent through violation thereof, and through engaging in an occupation in violation of law. (Children's Court Act, § 2, subd. 2, cls. [a], [e].) His delinquency finally culminated in a burglary, and the boy was adjudged delinquent. The burglary occurred in this way: While thus illegally employed at the premises the boys saw where the day's cash proceeds were kept, and they planned the burglary. While on the premises on the night of May 16th–17th they removed from the inside the screws securing the wire screen covering a window. They quit work at 2:00 A.M., waited about until defendant went home, and going around behind the building, removed the screen and committed the burglary. The causal connection between their unlawful employment at the premises and the commission of the burglary is clear and unbroken. The chain is intact. The events follow in unbroken sequence. The defendant's unlawful conduct in employing the boys, contributed directly to the delinquency of the younger boy, both in respect of his unlawfully working in violation of law and at a proscribed occupation, and as to the burglarious act. There are no controlling precedents, but the principle to be applied is analogous to that which prevails in the law of negligence. That rule is that where a statutory duty is imposed upon one for the direct benefit or protection of another, and the latter is damaged because such duty is not performed, or where one is guilty of negligence, the wrongdoer may be held liable for the consequences which might reasonably have been anticipated as a result of his wrongful or negligent act. (*Payne* v. *City of New York,* 277 N. Y. 393; *Cole* v. *Vincent,* 229 App. Div. 520; *Daly* v. *State of New York,* 226 App. Div. 154, cited in *McDonald* v. *Central School Dist. No. 3, Romulus,* 179 Misc. 333, affd. 264 App. Div. 943, affd. 289 N. Y. 800.)

The ingenious argument is advanced that the defendant did not knowingly and intentionally encourage the minor to commit a burglary. It is urged that it is inconceivable and unjustifiable on the record to conclude that he would have been so depraved as to encourage such conduct on the part of a minor. Counsel appears to concede that if the boy had been adjudged delinquent on the ground that he was illegally employed at the bowling alleys during the hours in question, there could be little doubt about the legality of convicting the defendant herein of contributing to the conditions which caused him to be thus delinquent; but he contends that the court would not be justified in finding

the defendant guilty of contributing to the conditions which caused the boy to be adjudged delinquent under the circumstances above mentioned. This contention cannot prevail. The police caught the burglars and naturally charged the boy with the specific act of delinquency of which they had knowledge and he was adjudged delinquent. His hearing disclosed the circumstances which indicated that the defendant contributed to his delinquency.

Thereafter, an information was filed against defendant, alleging that the defendant had contributed to the conditions which caused the boy to become delinquent. The case must be decided upon the evidence taken in this proceeding under section 494 against the defendant, and not solely on the record in the boy's case. From such evidence it clearly appears as above mentioned, that the defendant as assistant manager of the said bowling alleys did knowingly and willfully and unlawfully contribute to conditions which caused the boy to be and become delinquent, and ultimately to be adjudged delinquent.

The purpose and intent of the legislation is perfectly clear. It is a matter of common knowledge that if young boys or girls are permitted to be out of their homes at night roaming about the streets, or engaged at employments during the late hours of a kind which are prohibited by law, they are likely to be led astray, form bad habits, meet undesirable companions, and thus be let into various forms of delinquency. The legislation has a twofold purpose; first, to protect the health of children, and secondly, to protect their moral welfare. The legislation foresaw that children who were employed under such conditions would be led into various forms of delinquency, the precise nature of which could not be anticipated or predicted. The Legislature desired to protect children from such danger and such likelihood, and therefore provided that any adult who causes, promotes or contributes to conditions which cause a child to be adjudged delinquent is himself guilty of a misdemeanor. If defendant had obeyed the law and refused to employ the boy, the latter would not have become delinquent and would not have committed the burglary. While it is true that the record in the case of the juvenile delinquency shows that the adjudication was based upon the act of burglary, it is equally true that the record in this defendant's case, the record upon which the determination of guilt or innocence must depend, shows that the acts of the defendant in unlawfully employing him there at a prohibited employment and during proscribed hours contributed to the conditions which led to his being adjudged a juvenile delinquent.

The defendant is adjudged guilty therefore as charged, pursuant to section 494 of the Penal Law. His conviction alone, the record of which must be filed in the county clerk's office (Code Crim. Pro., § 723), is in itself a penalty. A fine of $100 is imposed, and if not paid defendant will be committed to the penitentiary for thirty days.