Millard L. Midonick, S.
This is an application to compromise a wrongful death and personal injury action which was commenced in the U. S. District Court, Southern District of New York.
The petitioner is the attorney herein who received ancillary letters of administration with limited powers. Original letters were issued in Gruenendeich, West Germany, where the decedent maintained his domicile.
The decedent was an officer aboard a German merchant vessel. While standing on the deck of the ship he was struck in the head during the loading of cargo. He died in the hospital that same day.
Prior to trial, settlement negotiations were begun and with the aid of the court, the parties agreed on a settlement of $750,000.
*859 An amended petition received by the court seeks interest payable from the date of the settlement September 29, 1975 to the date of actual payment.
The record in the Federal District Court shows the following relevant conversation which took place between the court and Harvey Goldstein, Esq., of counsel to the attorneys for the plaintiff.
"Mr. Goldstein: If your Honor please, my understanding is that there has been an offer of $750,000 to settle this matter, which offer has been accepted by the widow of Peter Oltermann, that sum to be in total settlement, including interest, costs and disbursements of this matter, and that an order of compromise will be presented to the Surrogate’s Court of the County of New York and that Mrs. Oltermann will present certified and executed releases in the matter. I believe that is the sum total of it.
"Mr. Goldstein: There is one problem that has come up in the past and I would like to make arrangements so it does not happen at this time. When Lloyd’s of London has been involved and funds have to be obtained from England, there have been waiting periods sometimes extending three, four and five months before the money has reached the United States and has been paid out and distributed to the various claimants.
"I should like to ask the Court for an order requiring the defendants to pay interest for any period after 30 days from the compromise order being presented to the defendant’s attorneys.
"The Court: My suggestion is that that be done in the Surrogate’s Court of New York County inasmuch as the compromise order is going to be signed over there and your application should be made there. I will not pass on that one way or the other.” (Emphasis supplied.)
Pursuant to EPTL 5-4.3, the Surrogate’s Court shall add interest upon the principal sum recovered by the plaintiff in a wrongful death action from the date of the decedent’s death. It is conceded that interest, cost and disbursements were merged in the $750,000 offer of settlement. The court does not concern itself with this interest.
However, the attorney for the plaintiff in the Federal court action requests that in addition to the application for a *860 compromise his client should be awarded interest from the date of the Federal court settlement.
The Civil Practice Law and Rules and other laws applicable to practice and procedure apply in the Surrogate’s Court except where otherwise provided in the Surrogate’s Court Procedure Act (SCPA 102).
CPLR 5002 provides: "Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment. The amount of interest shall be computed by the clerk of the court and included in the judgment.”
The settlement reached in the Federal District Court is not the same final adjudication that a verdict, report or decision bears. (Cf. Matter of East Riv. Land Co., 152 App Div 933, mod 206 NY 545, disallowing interest granted from the date of a referee’s report. The Court of Appeals held that the report of the referee was not an adjudication but a recommendation, for he was ordered to report with his opinion. Until confirmed, it was not final. But cf. Matter of Kavares [MVAIC], 29 AD2d 68, allowing interest from the date of a final and binding arbitrator’s award, the court holding that the award of an arbitrator which determines the amount of compensation, rendered pursuant to Motor Vehicle Accident Indemnification Corporation Law, is not merely advisory but is binding on the parties.) Any delay which occurred between the date of settlement and the final order of compromise is certainly- not the responsibility of the respondent-defendant. Attorneys for the petitioner had the duty to petition this court for the compromise order, at the earliest time possible.
This application to compromise a wrongful death action and to settle the account is granted. The amended petition for interest from date of settlement in the Federal court is denied. Interest accruing subsequent to time for payment set in the decree herein should be paid.
"Every order directing the payment of money which has been docketed as a judgment shall bear interest from the date of such docketing.” (CPLR 5003.)
The guardian ad litem shall submit an affidavit of services in order that reasonable compensation be fixed by the court.
Submit decree on notice directing payment within 10 days from service with notice of entry.